Willie ROUTE, Jr.

v.

Frank C. BLACKBURN et al.

Civ. A. No. 79–119–A.

United States District Court, M. D. Louisiana.

Oct. 15, 1980.

Willie Route, Jr., in pro. per.

Samuel C. Cashio, Maringouin, La., for defendants.

## MEMORANDUM OPINION

JOHN V. PARKER, Chief Judge.

Willie Route, Jr., an inmate of the Louisiana State Penitentiary, has filed this action using a habeas corpus application form. Applicant was convicted of armed robbery and sentenced to thirty years imprisonment without benefit of parole, probation or suspension of sentence. His request is that this Court order the state to provide him with a free transcript of his trial on account of his indigency. The record discloses that

the Louisiana district court and the Louisiana Supreme Court have both rejected the request by Route for a free transcript.

Applicant alleges that his habeas corpus proceedings are being obstructed but fails to allege any specific grounds which would entitle him to habeas corpus relief. He makes no specific attack upon his trial or sentence and apparently desires the state court transcript so that he may comb the record in the hope of discovering some possible grounds for a future habeas corpus application.

The record shows that applicant was furnished a copy of the bills of exception taken for his direct appeal to the Louisiana Supreme Court which included that portion of the transcript of testimony relating to those issues. The practice of providing only a transcript of testimony explicitly preserved by the reservation of a bill of exceptions has been approved by the Fifth Circuit, *Mack v. Walker*, 372 F.2d 170 (5th Cir. 1966), *cert. den.* 393 U.S. 1030, 89 S.Ct. 641, 21 L.Ed.2d 573 (1969); *United States v. Henderson*, 474 F.2d 1098 (5th Cir. 1978).[1]

Plaintiff has cited *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), and *Lane v. Brown*, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963). In *Griffin*, the Supreme Court relied upon the equal protection clause to hold that in a state prosecution where no appeal was possible without a transcript from the trial court the state must provide indigent defendants a free transcript in all felony criminal cases. In *Smith v. Bennett*, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961), the Supreme Court broadened the principle to cover collateral proceedings, stating that to "interpose any financial consideration between an indigent prisoner of the State and his exercise of a state right to sue for his liberty is to deny that prisoner the equal protection of the law." (81 S.Ct. at 896)

---

1. Under the Louisiana Constitution of 1974, which became effective after petitioner's conviction, the state now furnishes complete transcripts to indigent inmates. Art. 1, Sec. 19.

That provision is not retroactive, however, and there is no federal due process or equal protection right to a complete transcript of every trial.

Subsequent jurisprudence has made it clear, however, that "a petitioner who is seeking a transcript for some purpose more serious than bedside reading has a right to one under both the equal protection and due process clauses of the Constitution." Sokol, *Federal Habeas Corpus* (1969), at 218. If the request is not frivolous, then denial on the basis of the petitioner's indigency runs afoul of both the due process and equal protection clauses, Sokol, at 219.

 It is well established that a *federal* prisoner seeking a free transcript under 28 U.S.C. § 753(b) must show that his habeas corpus action is not frivolous, *United States v. MacCollom*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976); see, also, *United States v. Herrera*, 474 F.2d 1049 (5th Cir. 1973), *cert. den.* 414 U.S. 861, 94 S.Ct. 77, 38 L.Ed.2d 111 (1973). There is no reason why the same requirement should not be imposed upon state prisoners who are seeking to enlist the aid of federal courts in forcing the state to furnish a free transcript.

While the Fifth Circuit has not, to our knowledge, passed upon this precise question, the Fourth Circuit in *Jones v. Superintendent, Virginia State Farm*, 460 F.2d 150 (4th Cir. 1972), *cert. den.* 410 U.S. 944, 93 S.Ct. 1380, 35 L.Ed.2d 611 (1973), rejected a request for a free state court transcript.

Here, the applicant has not pointed to any specific need for a transcript of testimony in order to attack his conviction. There is no question that the state must furnish an indigent a transcript of his trial where he alleges specific error which the transcript will demonstrate, but there is no federal constitutional right to demand a free transcript of one's trial simply out of curiosity or for light reading.

For the foregoing reasons, and assuming that habeas corpus is a proper procedural vehicle with which to demand a trial transcript, the application for habeas corpus is hereby DISMISSED.