Victor ESCOBAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00077–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 26, 1993.

Felix Cantu, Renato Santos, Jr., Houston, for appellant.

John B. Holmes, Mary Lou Keel, Houston, for appellee.

Before DUGGAN, O'CONNOR and HEDGES, JJ.

## ORDER

PER CURIAM.

On March 17, 1993, Victor Escobar filed his pro se "Defendant's Motion for Reproduction of Documents" by which he seeks, without charge, copies of trial records, including "any and all trial transcripts pertaining to this cause," for use in preparing an application for post-conviction habeas corpus relief. The sole authority Escobar cites for the relief he seeks is rule 53(j)(2) of the Texas Rules of Appellate Procedure.

■ As a matter of constitutional equal protection, an indigent criminal defendant is entitled to a free transcript of prior proceedings when that transcript is needed for an effective defense or appeal. *Britt v. North Carolina*, 404 U.S. 226, 227, 92 S.Ct. 431, 433, 30 L.Ed.2d 400 (1971) (citing *Griffin v. Illinois*, 351 U.S. 12, 19, 76 S.Ct. 585, 591, 100 L.Ed. 891 (1956)); *see also Armour v. State*, 606 S.W.2d 891, 893, 894 (Tex.Crim.App. [Panel Op.] 1980); *Billie v. State*, 605 S.W.2d 558, 560, 562 (Tex.Crim.App.1980) (appellant had right to transcription of testimony at prior trial that ended in a mistrial, for use at second trial). Rule 53(j)(2) of the Texas Rules of Appellate Procedure, cited by Escobar, is directed toward the implementation of that entitlement.[1] An indigent criminal defendant is not, however, entitled—either as a matter of equal protection, or of due process—to a free transcription of prior proceedings for use in pursuing post-conviction habeas corpus relief. *United States v. MacCollom*, 426 U.S. 317, 322–23, 328, 96 S.Ct. 2086, 2090, 2093, 48 L.Ed.2d 666 (1976). By its terms, rule 53(j)(2) has no application to the pursuit of such post-conviction relief; it permits an *appellant*, upon the proper showing, to obtain a statement of facts, without charge, within the time prescribed for *perfecting the appeal.*

■ Here, Escobar asserts that he is in the process of initiating an application for habeas corpus, and that it is therefore an "essential necessity" that he review a transcription of his trial in order to raise in that application all violations of his rights that allegedly occurred during that trial. In his motion, however, Escobar neither asserts that any specific violation of his rights did occur, nor describes, even in general terms, any such violation. As the Court observed in *MacCollom*,

---

1. Rule 53(j)(2) relates to the providing of a free statement of facts in criminal cases. The transcription of a court reporter's notes of a trial or other oral hearing, often referred to in other jurisdictions as a "transcript," is known in Texas practice as a "statement of facts." The term "transcript" is in our state practice used instead to refer to copies of documents filed with the trial court and designated by any party to an appeal for presentation to the appellate court. *See* Tex.R.App.P. 51. We suppose that Escobar is not entirely familiar with the foregoing usage, and that by his reference to "all trial transcripts pertaining to this cause," he seeks a free transcription of the court reporter's notes of his trial—i.e., a free statement of facts.

**784**

The usual grounds for successful collateral attacks upon convictions arise out of occurrences outside of the courtroom or of events in the courtroom of which the defendant was aware and can recall without the need of having his memory refreshed by reading a transcript. He may well have a need of a transcript [to support his claim] but rarely, if ever, ... to become aware of the events or occurrences which constitute a ground for collateral attack.

426 U.S. at 327–28, 96 S.Ct. at 2092–93 (quoting from *United States v. Shoaf,* 341 F.2d 832, 835 (4th Cir.1964) (brackets and ellipsis in original)). A prisoner such as Escobar is not entitled to a free statement of facts merely for the purpose of searching it for grounds for a possible application for habeas corpus or other post-conviction relief. *Watts v. Tennessee,* 603 F.Supp. 494, 494–95 (M.D.Tenn.1984).[2] To obtain a free statement of facts, a prisoner in Escobar's posture must make a showing that his habeas corpus action is not frivolous, and must demonstrate a specific need for the statement of facts. *Route v. Blackburn,* 498 F.Supp. 875, 877 (M.D.La.1980). Escobar has not done so.

■■ Escobar also states that he seeks free copies of other "trial records" as well. As the *MacCollom* court observed, however,

[T]he fact that a particular service might be of benefit to an indigent defendant does not mean that the service is constitutionally required. The duty of the State under our cases is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant an adequate opportunity to present his claims fairly in the context of the State's appellate process.

426 U.S. at 328, 96 S.Ct. at 2093 (quoting *Ross v. Moffitt,* 417 U.S. 600, 616, 94 S.Ct.

2437, 2447, 41 L.Ed.2d 341 (1974) (brackets in original)); *see also Ayala v. State,* 633 S.W.2d 526, 527 (Tex.Crim.App.1982) (state need not provide indigents with services of counsel beyond the first level of appeal from a criminal conviction, if state has chosen to grant such review as a matter of right). With respect to a prisoner seeking post-conviction habeas corpus relief, the state has no constitutional duty to provide financial assistance for investigation purposes, or even assistance of counsel. *Young v. Zant,* 727 F.2d 1489, 1492 (11th Cir.1984). We believe that the state likewise has no constitutional duty to provide without charge any other unspecified "trial records" Escobar seeks, except under the same conditions and upon the same showing that applies to obtaining a free transcription of the court reporter's notes of a trial or other oral hearing. Again, Escobar has made no showing that his habeas corpus action is not frivolous, and he has not demonstrated a specific need for any trial records he may be seeking.

Other than TEX.R.APP.P. 53(j)(2), Escobar has cited us to no statutory authority to support the relief he seeks. Independently, we know of none. Even a pro se applicant for habeas corpus relief must show himself entitled to the relief he seeks. *See Ex parte Benavides,* 801 S.W.2d 535, 537 (Tex.App.— Houston [1st Dist.] 1990, writ dism'd w.o.j.) (dismissal of pro se application for habeas corpus relief by indigent affirmed when appellant did not show any right to habeas corpus relief).

We **DENY** movant's motion in all respects.

It is so **ORDERED.**

---

**2.** *Cf. McKibbon v. State,* 749 S.W.2d 83, 86, 85 (Tex.Crim.App.), *cert. denied,* 488 U.S. 859, 109 S.Ct. 154, 102 L.Ed.2d 125 (1988) (appellant sought transcription of testimony at prior trial at which co-defendant was convicted, but failed to show how it would materially aid him in preparation of alibi defense for his own trial; "mere hope that a transcript may assist an attorney in preparing a case will not suffice" to show requisite particularized need for it); *United States v. Houghton,* 388 F.Supp. 773, 774 (N.D.Tex.1973)

(federal convict held "not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error. Nor is the court required to order a copy of [prisoner's] transcript merely to enable [prisoner] to comb the record in the hope of discovering some flaw.") (quoting *Walker v. United States,* 424 F.2d 278, 279 (5th Cir.1970) and *McGarry v. Fogliani,* 370 F.2d 42, 44 (9th Cir. 1967) (citation omitted)).