

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00005-CV
_____

IN RE:
RON JASON DUNN

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Ron Jason Dunn has filed with this Court his petition for writ of mandamus asking this Court to compel the Eighth Judicial District Court of Hopkins County to provide him the clerk's and reporter's records of his trial in which he was convicted of several counts of aggravated sexual assault of a child and sentenced to life imprisonment.[1] He seeks the records so that he can prepare his application for writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2007).

Dunn cites *Tuck v. State*, 215 S.W.3d 411 (Tex. Crim. App. 2007), to support his contention that the trial court must provide him a free record. *Tuck* deals with the free record on direct appeal of a conviction, whereas Dunn seeks a record of prior proceedings in order to "adequately prepare" his application for writ of habeas corpus. *See id.* at 414. *Tuck* holds that a defendant must utilize a two-step process to obtain indigent status and receive a free appellate record: 1) the defendant must make a prima facie showing of indigence, and 2) once a prima facie showing is made, the State then carries the burden to refute this showing and prove the defendant is not indigent. *See id.* at 415.

---

[1] For the purpose of considering Dunn's petition, we take judicial notice of our earlier opinions styled *Ron Jason Dunn v. The State of Texas* under cause numbers 06-03-00017-CR, 06-03-00018-CR, 06-03-00019-CR, and 06-03-00020-CR. Opinions in each of the four cases issued October 31, 2003, and affirmed his several convictions out of the Eighth Judicial District Court. Our records show that Dunn did not file a petition for discretionary review with the Texas Court of Criminal Appeals. *See Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987) (holding that "an appellate court may take judicial notice of its own records in the same or related proceedings involving same or nearly same parties").

2

An indigent criminal defendant is not, however, entitled—either as a matter of equal protection, or of due process—to a free record of prior proceedings for use in pursuing post-conviction habeas corpus relief. *United States v. MacCollom*, 426 U.S. 317, 322–23 (1976); *In re Trevino*, 79 S.W.3d 794, 796 (Tex. App.—Corpus Christi 2002, orig. proceeding); *Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.—Houston [1st Dist.] 1993, order). To obtain a free record for use in a habeas proceeding, a relator must show that the habeas action is not frivolous by making a specific showing of the issues to be raised in the habeas proceeding and a specific need for the record to demonstrate the right to habeas relief, including demonstrating his or her inability to pay for a record. *See In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig. proceeding); *Eubanks v. Mullin*, 909 S.W.2d 574, 576–77 (Tex. App.—Fort Worth 1995, orig. proceeding); *Escobar*, 880 S.W.2d at 783.

Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Here, Dunn has provided the Court with nothing to show that his habeas action is not frivolous and nothing to show a specific need for the record. In fact, he has provided the Court with no copies of any document that shows he is entitled to the requested relief. *See* TEX. R. APP. P. 52.3(j) (requiring relator to provide the court with an appendix including "a certified or sworn copy of any order complained of or any other document showing the matter complained of").

Dunn has failed to demonstrate that he is entitled to a free record for use in preparation of his application for writ of habeas corpus.

Accordingly, we deny Dunn's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).


Jack Carter
Justice

Date Submitted:    January 23, 2008
Date Decided:    January 24, 2008