Opinion issued April 17, 2008 

 






 






In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00224-CR

____________


WESLEY WELLINGTON WHITE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 337th District court

Harris County, Texas

Trial Court Cause No. 749118






MEMORANDUM O P I N I O N

 A jury convicted appellant Wesley Wellington White, on February 3, 1998, 
of the offense of aggravated robbery, and the trial court sentenced appellant to
confinement for 99 years. Appellant filed notice of appeal on February 3, 1998, and
the appeal was assigned to this Court.

 On July 8, 1999, we issued an opinion affirming the trial court's judgment. 
White v. State, No. 01-98-00224-CR (Tex. App.--Houston [1st Dist.] July 8, 1999,
no pet.)(not designated for publication). Our mandate issued on May 1, 2000.

 On January 23, 2008, appellant filed, in trial court case number 749118, a pro
se "motion for production of trial transcripts, clerk's records, and documents in forma
pauperis." The trial court denied the motion on January 28, 2008. Appellant gave 
notice of appeal. Appellant's appeal of the trial court's denial of his motion, was
assigned to this Court and given a new appellate cause number 01-08-00224-CR. 

 Our judgment of July 8, 1999 is final. The matters raised in relator's post
judgment motion and notice of appeal are not within our jurisdiction. (1) The exclusive
post-conviction remedy in final felony convictions in Texas courts is through a writ
of habeas corpus pursuant to article 11.07 of the Code of Criminal Procedure. See
Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2007); Ater v. Eighth Court of
Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

 Accordingly, we dismiss for lack of jurisdiction. 

 

PER CURIAM


Panel consists of Justices Taft, Keyes, and Alcala.


Do not publish. Tex. R. App. P. 47.2(b).
1. We note that an indigent criminal defendant is not entitled to a free
transcription of prior proceedings for use in pursuing post-conviction habeas
corpus relief. Escobar v. State, 880 S.W.2d 782, 783-84 (Tex. App.--Houston
[1st Dist.] 1993, no pet.).