IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-09-00138-CR

 

In
re Cooper Alan Rounsavall

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

            Cooper Alan Rounsavall seeks
a writ of mandamus compelling Respondent, the Honorable Matt Johnson, Judge of
the 54th District Court of McLennan County, to furnish him with a free copy of
the record for a post-conviction habeas proceeding challenging his aggravated
assault conviction.  See Rounsavall v. State, No. 10-02-00328-CR, 2003
WL 21780958 (Tex. App.—Waco July 30, 2003, pet. ref’d).  We will deny
Rounsavall’s request for mandamus relief.[1]

            Rounsavall cites numerous
authorities which stand for the proposition that an indigent criminal defendant
is entitled to a free copy of the trial record for the first appeal from his conviction. 
See, e.g., Griffin v. Illinois, 351 U.S. 12, 19-20, 76 S. Ct. 585, 590-91,
100 L. Ed. 891 (1956).

            However, an indigent
criminal defendant is not entitled–either as a matter of equal protection or of
due process—to a free copy of the trial record for use in pursuing post-conviction habeas corpus relief.  United States v. MacCollom, 426
 U.S. 317, 323-26, 96 S. Ct. 2086, 2090-92, 48 L. Ed. 2d 666 (1976); In re Coronado, 980
S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig. proceeding) (per curiam);
Escobar v. State, 880 S.W.2d 782, 783 (Tex. App.–Houston [1st
Dist.] 1993, order) (per curiam).  To obtain a free record for a post-conviction habeas
proceeding, a defendant must show that the contemplated habeas
action is not frivolous and there is a specific need for the trial record which
is sought.  Coronado, 980 S.W.2d at 693; Escobar, 880 S.W.2d at 784. 
Rounsavall has not satisfied these requirements.

Accordingly, his request for mandamus relief
is denied.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Application
denied

Opinion
delivered and filed June 10, 2009

Do not publish

[OT06]








 









[1]
              We note that
Rounsavall’s mandamus petition is defective because it does not include: (1)
the certification required by Rule of Appellate Procedure 52.3(j); (2)
certified or sworn copies of “every document that is material to [his] claim
for relief” as required by Rule 52.7(a)(1); or (3) proof of service indicating
that Rounsavall has served copies of his petition on Respondent and on the
prosecuting attorney.  See Tex.
R. App. P. 9.5, 52.3(j), 52.7(a)(1).  Nevertheless, we will apply Rule
of Appellate Procedure 2 and disregard these deficiencies because Rounsavall
cannot prevail on the merits of his claim based on the information provided.  Id. 2.