

**IN THE**

**TENTH COURT OF APPEALS**

_____

**No. 10-09-00138-CR**

**IN RE COOPER ALAN ROUNSAVALL**

_____

**Original Proceeding**

---

## MEMORANDUM  OPINION

---

Cooper Alan Rounsavall seeks a writ of mandamus compelling Respondent, the Honorable Matt Johnson, Judge of the 54th District Court of McLennan County, to furnish him with a free copy of the record for a post-conviction habeas proceeding challenging his aggravated assault conviction. *See Rounsavall v. State*, No. 10-02-00328-CR, 2003 WL 21780958 (Tex. App.—Waco July 30, 2003, pet. ref'd).  We will deny Rounsavall's request for mandamus relief.[1]

---

[1]     We note that Rounsavall's mandamus petition is defective because it does not include: (1) the certification required by Rule of Appellate Procedure 52.3(j); (2) certified or sworn copies of "every document that is material to [his] claim for relief" as required by Rule 52.7(a)(1); or (3) proof of service indicating that Rounsavall has served copies of his petition on Respondent and on the prosecuting attorney.  *See* TEX. R. APP. P. 9.5, 52.3(j), 52.7(a)(1).  Nevertheless, we will apply Rule of Appellate Procedure 2 and disregard these deficiencies because Rounsavall cannot prevail on the merits of his claim based on the information provided.  *Id.* 2.

Rounsavall cites numerous authorities which stand for the proposition that an indigent criminal defendant is entitled to a free copy of the trial record for the first appeal from his conviction. *See, e.g., Griffin v. Illinois*, 351 U.S. 12, 19-20, 76 S. Ct. 585, 590-91, 100 L. Ed. 891 (1956).

However, an indigent criminal defendant is not entitled–either as a matter of equal protection or of due process—to a free copy of the trial record for use in pursuing post-conviction habeas corpus relief. *United States v. MacCollom*, 426 U.S. 317, 323-26, 96 S. Ct. 2086, 2090-92, 48 L. Ed. 2d 666 (1976); *In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig. proceeding) (per curiam); *Escobar v. State,* 880 S.W.2d 782, 783 (Tex. App.–Houston [1st Dist.] 1993, order) (per curiam). To obtain a free record for a post-conviction habeas proceeding, a defendant must show that the contemplated habeas action is not frivolous and there is a specific need for the trial record which is sought. *Coronado*, 980 S.W.2d at 693; *Escobar,* 880 S.W.2d at 784. Rounsavall has not satisfied these requirements.

Accordingly, his request for mandamus relief is denied.


        FELIPE REYNA
        Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Application denied
Opinion delivered and filed June 10, 2009
Do not publish
[OT06]