Opinion filed December 1,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00321-CR

                                                    __________

 

                                    IN
RE BERNARD WILLIAMS

 



 

                                         Original
Mandamus Proceeding

 

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

Relator, Bernard Williams, has filed a petition for writ of mandamus complaining of
the Hon. Carter Schildknecht, judge of the 106th District Court of Dawson
County, in connection with his request for a free appellate record.   We deny
the petition for writ of mandamus.    

Relator
is seeking a free appellate record in Cause No. 11-10-00237-CR, styled Bernard
Williams v. State of Texas.  This court issued an opinion and judgment on May
27, 2011, in Cause No. 11-10-00237-CR, affirming relator’s conviction for
possession of cocaine with the intent to deliver.  The Texas Court of Criminal
Appeals subsequently refused relator’s petition for discretionary review in
Cause No. 11-10-00237-CR on October 12, 2011.  Thus, relator is seeking a free
record in a criminal appellate proceeding that has been concluded.

An indigent criminal defendant is not entitled, either as a matter of equal protection
or of due process, to a free record of prior proceedings for use in pursuing post-conviction
relief.   United States v. MacCollom, 426 U.S. 317, 322-23 (1976); In
re Trevino, 79 S.W.3d 794, 796 (Tex. App.—Corpus Christi 2002, orig.
proceeding); Escobar v. State, 880 S.W.2d 782, 783 (Tex. App.—Houston
[1st Dist.] 1993, per curiam order).  To obtain a free record for use in a
post-conviction proceeding, a relator must show that the subsequent proceeding
is not frivolous by making a specific showing of the issues to be raised and a
specific need for the record to demonstrate the right to post-conviction
relief.  See In re Coronado, 980 S.W.2d 691, 693 (Tex. App.—San Antonio
1998, orig. proceeding); Eubanks v. Mullin, 909 S.W.2d 574, 576–77 (Tex.
App.—Fort Worth 1995, orig. proceeding); Escobar, 880 S.W.2d at 783.

Mandamus
will issue only to correct a clear abuse of discretion or violation of a duty
imposed by law when that abuse cannot be remedied by appeal.  Walker v.
Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).  Relator has not
provided this court with anything to show that a post-conviction proceeding
would not be frivolous, and he has not shown a specific need for the record.  Consequently,
relator has failed to demonstrate that he is entitled to a free record from the
prior proceeding.    

Accordingly,
we deny relator’s petition for writ of mandamus.

 

 

                                                                                                PER
CURIAM

 

December 1, 2011                                                                               

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.