NO. 07-12-0477-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 2, 2012

_____

IN RE MICHAEL NELSON CRYSTER, RELATOR

_____

ORIGINAL PROCEEDING ARISING OUT OF PROCEEDINGS
BEFORE THE 100TH DISTRICT COURT OF COLLINGSWORTH COUNTY;
NO. 2376; HONORABLE STUART MESSER, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Michael Nelson Cryster, an inmate proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to enforce an order issued by the Honorable Stuart Messer on November 14, 2011, granting his request for a free record of his prior criminal case. For the reasons expressed herein, we deny Relator's request.

**FACTUAL BACKGROUND**

According to Relator's petition, on January 21, 1999, in trial court cause number 2376, he was convicted of burglary of a habitation and sentenced to seventy-five years

confinement. In 2011, for the stated purpose of pursing post-conviction relief, Relator requested the trial court to provide a free record of his prior criminal proceeding.[1] On November 14, 2011, the trial court entered an order granting that relief. Relator attached a copy of that order as an Appendix to his petition. On September 5, 2012, Relator filed an "Advisory to the Court" complaining that he had yet to receive the record and requested the trial court compel the trial court clerk and court reporter to comply with the November 14, 2011 order. At the time of filing this mandamus proceeding, Relator still had not received a copy of the record from the criminal proceeding.

## MANDAMUS STANDARD OF REVIEW

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Telephone Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law.@ *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)) (orig. proceeding). To show entitlement to mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

---

[1]Ordinarily, an indigent criminal defendant is not entitled, either as a matter of equal protection or due process, to a free transcription of prior proceedings for use in pursuing post-conviction habeas corpus relief. *Escobar v. State*, 880 S.W.2d 782, 783-84 (Tex.App.—Houston [1st Dist.] 1993, no pet.).

## ANALYSIS

Relator requested and was granted relief by the trial court to obtain a free record of his prior criminal proceeding. If, as Relator maintains in his petition, "the Clerk and the Court Reporter have continued to refuse to comply with the trial court's order," his remedy may be to seek mandamus relief against them in the trial court. This Court only has authority to issue writs of mandamus against a judge of a district or county court in our district and all writs necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(b) (WEST 2004). We have no jurisdiction over a trial court clerk or court reporter unless it is established that they are interfering with this Court's jurisdiction. *In re Coronado*, 980 S.W.2d 691, 692-93 (Tex.App.—San Antonio 1998, no pet.). Nothing in the documents filed reflect that is the case.

Consequently, Relator's petition for writ of mandamus requesting that we enforce the order issued by the Honorable Stuart Messer on November 14, 2011, is denied.

Per Curiam