

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-0018-CV

_____

IN RE MICHAEL NELSON CRYSTER, RELATOR

Original Proceeding Arising From Proceedings Before the 100th District Court
Collingsworth County, Texas
Trial Court No. 2376
Honorable Stuart Messer, Presiding

March 13, 2013

## MEMORANDUM OPINION

Before Quinn, C.J., and Campbell and Pirtle, JJ.

Relator, Michael Nelson Cryster, an inmate proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to enforce an order issued by the Honorable Stuart Messer on November 14, 2011, granting his request for a free record of his prior criminal case. For the reasons expressed herein, we deny Relator's request.

FACTUAL BACKGROUND

According to Relator's petition, on January 21, 1999, in trial court cause number 2376, he was convicted of burglary of a habitation and sentenced to seventy-five years confinement. Relator has requested the trial court to provide a free record for the stated purpose of pursing post-conviction relief.[1] On November 14, 2011, the trial court entered an order granting that relief. Relator attached a copy of that order as an Appendix to his petition. On September 5, 2012, Relator filed an "Advisory to the Court" complaining that he had yet to receive the record and requested the trial court compel the trial court clerk and court reporter to comply with the November 14, 2011 order. On October 29, 2012, Relator filed a petition for writ of mandamus seeking to enforce Judge Messer's order for a free record. That petition was denied by opinion in *In re Cryster*, No. 07-12-0477-CV, 2012 Tex. App. LEXIS 9328 (Tex.App.—Amarillo Nov. 1, 2012, orig. proceeding).

On January 31, 2013, Relator filed a second petition for writ of mandamus again seeking enforcement of the trial court's November 14, 2011 order. This time he asserts that on November 12, 2012, he sought compliance with Judge Messer's order by filing a petition for mandamus relief against the district clerk and court reporter in the trial court. According to his second petition, Judge Messer has not taken any action and Relator requests this Court to compel him to rule on that mandamus action.

---

[1] Ordinarily, an indigent criminal defendant is not entitled, either as a matter of equal protection or due process, to a free transcription of prior proceedings for use in pursuing post-conviction habeas corpus relief. *Escobar v. State*, 880 S.W.2d 782, 783-84 (Tex.App.—Houston [1st Dist.] 1993, no pet.).

By letter dated February 4, 2013, this Court requested that Judge Messer file a response to Relator's second petition. On March 4, 2013, Judge Messer complied. According to the response, the court reporter who transcribed Relator's trial in 1999 has passed away; however, the reporter's stenography notes of the hearing have been found and a record is being prepared. The response also provides that a copy of the clerk's record will be provided to Relator upon completion of the reporter's record.

MANDAMUS STANDARD OF REVIEW

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Telephone Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law.@ *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)) (orig. proceeding). To show entitlement to mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

ANALYSIS

Judge Messer's response indicates that he is in the process of enforcing his order of November 14, 2011. Consequently, Relator is not entitled to extraordinary relief at this time. Should the reporter's record not be filed within a reasonable period of

time considering the circumstances,[2] this Court would entertain a subsequent petition to compel a ruling on the mandamus proceeding pending before the trial court at this time.

CONCLUSION

Consequently, Relator's petition for mandamus relief is denied.

Per Curiam

---

[2]This Court is unable to speculate as to what would constitute a "reasonable" period of time as that would involve a determination of the facts, circumstances, and attendant delays associated with having another court reporter prepare a record from the notes of a deceased reporter. While this Court is aware that Relator has waited over a year for the preparation of that record, the unusual circumstances of this case (a fourteen year old case and a deceased court reporter) do not dictate that we find the circumstances of this case render the present delay as being unreasonable.