

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00035-CV
_____

IN RE JASON SANDERS, RELATOR

_____

ORIGINAL PROCEEDING

_____

February 27, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Relator Jason Sanders has filed a petition for writ of mandamus. In his petition, relator asks us to direct respondent, the Honorable Pat Phelan, presiding judge of the 286th District Court of Hockley County, to provide relator a copy of the reporter's record from relator's criminal prosecution in that court, and to return to relator papers from that case that relator was required to leave at the jail when he was transferred to the Institutional Division of the Texas Department of Criminal Justice. We will deny relator's petition.

Mandamus relief will issue to compel a trial court to perform a purely ministerial act. *Greenwall v. Court of Appeals of the Thirteenth Judicial Dist.,* 159 S.W.3d 645,

648-49 (Tex. Crim. App. 2005). A litigant seeking mandamus relief bears the burden to provide the court from which such relief is requested with a sufficient record to establish the right to mandamus. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding); *see* TEX. R. APP. P. 52.3, 52.7.

A trial court's act is ministerial if, under the facts of the case and the controlling legal principles at issue, the relator has a clear right to the relief sought. *In re State ex rel. Weeks,* 391 S.W.3d 117, 122-23 (Tex. Crim. App. 2013). "The requirement of a clear legal right necessitates that the law plainly describes the duty to be performed such that there is no room for the exercise of discretion." *Winters v. Presiding Judge of the Crim. Dist. Court No. Three*, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003). With respect to relator's request that we require the trial court to return papers he left at the jail, from our review of his mandamus petition we cannot conclude he has demonstrated the trial court had a ministerial duty to return the requested papers. Further, an appellate court does not resolve factual issues in mandamus proceedings. *In re Thuesen,* No. 14-13-00255-CV, 2013 Tex. App. LEXIS 4636, at *6 (Tex. App.—Houston [14th Dist.] April 11, 2103, orig. proceeding), (*citing Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 714 (Tex. 1990)). Relator's petition necessarily raises factual issues regarding, for instance, the current location and availability of relator's papers.

Based on the scant information provided in relator's petition, we also are unable to conclude the trial court had a ministerial duty to order that relator be provided a copy of the reporter's record from his criminal proceeding. Relator appears to request the record for the purpose of seeking relief under article 11.07 of the Code of Criminal

Procedure. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (West 2012).[1] Texas courts have held a person is not entitled to a free record in habeas corpus actions. *See In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig. proceeding); *Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.—Houston [1st Dist.] 1993, no pet.) (*citing United States v. MacCollom,* 426 U.S. 317, 327-28, 48 L. Ed. 2d 666, 96 S. Ct. 2086 (1976) (an indigent appellant is entitled to obtain a free record for purposes of appeal but not for purposes of collateral attack, such as a writ of habeas corpus)). Although the court in *Escobar* described limited circumstances in which a person might demonstrate entitlement to a free record to support an application for habeas corpus, no such circumstances are presented in relator's petition. *See Escobar,* 880 S.W.2d at 784.

For these reasons, we deny relator's petition for mandamus.

James T. Campbell
Justice

---

[1] *See Padieu v. Court of Appeals of Tex., Fifth Dist.,* 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (per curiam) (addressing jurisdiction of court of appeals to rule on petition for mandamus seeking record for such purpose, in absence of pending article 11.07 proceeding in Court of Criminal Appeals).