

# Fourth Court of Appeals
## San Antonio, Texas

October 9, 2014

No. 04-12-00242-CR

Donte **HOUSTON**,
Appellant

v.

**THE STATE OF TEXAS**,
Appellee

From the 349th District Court, Houston County, Texas
Trial Court No. 11CR-033
The Honorable Mark A. Calhoon, Judge Presiding

## O R D E R

This court issued its mandate in appeal number 04-12-00242-CR on April 30, 2013. On October 6, 2014, citing appeal number 04-12-00242-CR, *pro se* appellant Donte Houston filed a motion asking this court to reconsider the appeal.

This court's plenary power in appeal number 04-12-00242-CR has expired; this court no longer has jurisdiction in that appeal. *See* Tex. R. App. P. 19.1 (plenary power period); *id.* 19.3 ("After its plenary power expires, the court cannot vacate or modify its judgment.").

Further, this court has "no jurisdiction over post-conviction writs of habeas corpus in felony cases." *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *accord* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2012). Post-conviction writs of habeas corpus are to be filed in the trial court in which the conviction was obtained and made returnable to the Court of Criminal Appeals. *See* Tex. Code Crim. Proc. Ann. art. 11.07(b).

To obtain a free copy of the record to prepare a post-conviction writ of habeas corpus, Appellant must file a motion in the trial court in which the conviction was obtained and demonstrate that his claim is not frivolous and that the record is needed to decide the issues presented. *See United States v. MacCollom*, 426 U.S. 317, 325–26 (1976); *Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.—Houston [1st Dist.] 1993, no pet.).

_____
Patricia O. Alvarez, Justice

       IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 9th day of October, 2014.

_____
Keith E. Hottle
Clerk of Court