

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00346-CR

## EX PARTE KIMLY RUSHA TERRELL

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2010-627-C2**

## MEMORANDUM OPINION

On November 7, 2014, we received a document from Kimly Rusha Terrell related

to an earlier appeal styled *Terrell v. State* which was docketed as 10-11-00022-CR.  The

conviction in 10-11-00022-CR is final.  Our mandate issued January 13, 2012.

It is difficult to tell what request Terrell has made and who has acted or failed to

act on her request.  Based on the nature of the relief requested from this Court, we have

determined Terrell's request to be a request for post-conviction relief; that is, a petition

for writ of habeas corpus under article 11.07.[1]  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07

---

[1] In the event this document is meant to be a petition for writ of mandamus to order the trial court or trial court clerk to provide Terrell a free copy of her criminal trial record, Terrell is not entitled to a free copy unless she can show that a post-conviction proceeding is not frivolous and that she has a specific need for

(West 2005). We have no jurisdiction to grant post-conviction relief in an attack on a final felony judgment. *See id*. art 11.05. Accordingly, we dismiss this proceeding for lack of jurisdiction.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Petition dismissed
Opinion delivered and filed December 4, 2014
Do not publish
OT06



---

the record. *Escobar v. State*, 880 S.W.2d 782, 784 (Tex. App.—Houston [1st Dist.] 1993, order); *see also In re Rodriguez*, No. 10-13-00201-CR, 2013 Tex. App. LEXIS 8662 (Tex. App.—July 11, 2013, no pet.) (not designated for publication). The need for a record from a prior proceeding simply to search for possible post-conviction issues is not enough. *Id*. Based on what Terrell filed here, she has not shown she is entitled to relief by mandamus. Therefore, we would deny her petition if her request was denied by the trial court and dismiss it for lack of jurisdiction if her request was denied by the trial court clerk.