

# Fourth Court of Appeals
## San Antonio, Texas

July 29, 2015

No. 04-04-00917-CR

Ramiro R. **MATA**,
Appellant

v.

**THE STATE OF TEXAS**,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2003-CR-4361
Honorable Bert Richardson, Judge Presiding

# O R D E R

This court issued an opinion on November 23, 2005 affirming appellant's conviction, and our mandate issued February 9, 2006. On July 17, 2015, appellant filed a pro se "Motion for Discovery," in which he asks for certain records needed to prepare a petition for habeas corpus relief.

Post-conviction writs of habeas corpus are to be filed in the trial court in which the conviction was obtained, and made returnable to the Court of Criminal Appeals:

> An application for writ of habeas corpus filed after final conviction in a felony case, other than a case in which the death penalty is imposed, must be filed with the clerk of the court in which the conviction being challenged was obtained, and the clerk shall assign the application to that court. When the application is received by that court, a writ of habeas corpus, returnable to the Court of Criminal Appeals, shall issue by operation of law.

TEX. CRIM. PROC. CODE ANN. § art. 11.07, § 3(b) (West 2015).

To obtain a free record, appellant should file a motion in the trial court in which his conviction was obtained and demonstrate his claim is not frivolous and the record is needed to decide the issues presented. *United States v. MacCollom*, 426 U.S. 317, 326 (1976); *Escobar v. State*, 880 S.w.2d 782, 783 (Tex. App.—Houston [1st Dist.] 1993, no pet.).

Accordingly, appellant's motion is DENIED without prejudice to seeking relief in the proper court.

.                                    **PER CURIAM**

ATTESTED TO: _____
Keith E. Hottle
Clerk of Court

