

# Fourth Court of Appeals
## San Antonio, Texas

September 19, 2016

No. 04-92-00406-CR

Drummer, **CORNELL,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 91-CR-1948-A
Honorable Peter Michael Curry, Judge Presiding

# O R D E R

This court's opinion issued in this appeal on May 26, 1993, and this court's mandate issued on January 13, 1994. Appellant has filed a series of letters requesting information regarding the record in the appeal for purposes of filing a post-conviction application for writ of habeas corpus.

This court has no jurisdiction over post-conviction writs of habeas corpus in felony cases. *See* TEX. CODE CRIM. PROC. art. 11.07; *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding). Post-conviction writs of habeas corpus are to be filed in the trial court in which the conviction was obtained, and made returnable to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. art. 11.07. In order to obtain a free copy of the record, appellant would need to file a motion in the trial court in which the conviction was obtained and demonstrate that his claim is not frivolous and that the record is needed to decide the issues presented. *See United States v. MacCollom*, 426 U.S. 317, 326 (1976); *Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.—Houston [1st Dist.] 1993, no pet.). Accordingly, this court has no jurisdiction to consider any requests from appellant for information. Instead, all such requests should be directed to either the trial court in which appellant's conviction was obtained or the Texas Court of Criminal Appeals.

_Sandee Bryan Marion_
Sandee Bryan Marion, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 19th day of September, 2016.



Keith E. Hottle
Clerk of Court