

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00688-CR

Frank Deon **PHILLIPS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR9117
Honorable Pat Priest, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice
                 Jason Pulliam, Justice

Delivered and Filed:  November 23, 2016

DISMISSED FOR WANT OF JURISDICTION

Appellant Frank Deon Phillips was charged by indictment with robbery in trial court cause number 2015CR9117. On February 22, 2016, after Appellant entered a plea of nolo contendere, the trial court sentenced him to ten-years' confinement in the Texas Department of Criminal Justice—Institutional Division and a $1,000.00 fine. Appellant timely filed a notice of appeal, but the trial court's certification indicated the case was a plea-bargain case, and Appellant had no right of appeal. After Appellant failed to provide this court with an amended trial court certification allowing Appellant to appeal, on June 1, 2016, this court dismissed the appeal. This court's

mandate in appeal number 04-16-00243-CR issued on August 8, 2016. On October 18, 2016, Appellant filed a new notice of appeal, and the trial court appointed appellate counsel to represent Appellant.

On October 24, 2016, we advised Appellant that this court's mandate had already issued in appeal number 04-16-00243-CR, and we ordered Appellant to show cause why this court has jurisdiction in this appeal. On November 2, 2016, Appellant filed a pro se response citing alleged errors in the State's case and addressing the merits of his conviction, but he failed to show how his October 18, 2016 notice of appeal was timely or how this court has jurisdiction to review his conviction in trial court cause number 2015CR9117.

Appellant's notice of appeal was due not later than March 23, 2016, but he filed his notice in this appeal on October 18, 2016. *See* TEX. R. APP. P. 26.2(a); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). "A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction." *Olivo*, 918 S.W.2d at 522. Absent a timely-filed, written notice of appeal of a criminal conviction, this court lacks jurisdiction in this appeal. *Olivo*, 918 S.W.2d at 522; *Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988).

Further, this court's plenary power in appeal number 04-16-00243-CR has already expired; this court no longer has jurisdiction in that appeal. *See* TEX. R. APP. P. 19.1 (plenary power period); *id.* 19.3 ("After its plenary power expires, the court cannot vacate or modify its judgment.").

Moreover, this court has "no jurisdiction over post-conviction writs of habeas corpus in felony cases." *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *accord* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015). Post-conviction writs of habeas corpus are to be filed in the trial court in which the conviction was obtained and made returnable to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07(b). To

obtain a free copy of the record to prepare a post-conviction writ of habeas corpus, Appellant must file a motion in the trial court in which the conviction was obtained and demonstrate that his claim is not frivolous and that the record is needed to decide the issues presented. *See United States v. MacCollom*, 426 U.S. 317, 325–26 (1976); *Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.—Houston [1st Dist.] 1993, no pet.).

Appellant failed to show how this court has appellate jurisdiction in this appeal, and we necessarily dismiss this appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH