

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00087-CR

Marcus A. **COOPER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR10168
Honorable Steve Hilbig, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed:  March 14, 2018

DISMISSED FOR WANT OF JURISDICTION

Appellant Marcus A. Cooper was charged by indictment with two counts of aggravated sexual assault in trial court cause number 2014CR10168.  On April 1, 2015, after Appellant was found guilty on both counts by a jury, he was fined $10,000.00 and sentenced to twenty-years' confinement in the Texas Department of Criminal Justice—Institutional Division.  Appellant timely filed a notice of appeal, which this court entered as appeal number 04-15-00216-CR.  On November 4, 2015, this court issued its opinion and judgment which affirmed the trial court's judgment.  On January 4, 2016, this court issued its mandate.

On February 12, 2018, Appellant filed a new notice of appeal for trial court cause number 2014CR10168, and the trial court appointed appellate counsel to represent Appellant.

On February 21, 2018, we advised Appellant that this court's mandate had already issued in appeal number 04-15-00216-CR, and we ordered Appellant to show cause in writing why this court has jurisdiction in this appeal. On February 28, 2018, Appellant's court-appointed counsel timely filed a response indicating that Appellant "does not have a right of appeal." We agree.

This court's plenary power in appeal number 04-15-00216-CR has expired; this court no longer has jurisdiction in that appeal. *See* TEX. R. APP. P. 19.1 (plenary power period); *id.* 19.3 ("After its plenary power expires, the court cannot vacate or modify its judgment.").

Further, this court has "no jurisdiction over post-conviction writs of habeas corpus in felony cases." *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *accord* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015). Post-conviction writs of habeas corpus are to be filed in the trial court in which the conviction was obtained and made returnable to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07(b). To obtain a free copy of the record to prepare a post-conviction writ of habeas corpus, Appellant must file a motion in the trial court in which the conviction was obtained and demonstrate that his claim is not frivolous and that the record is needed to decide the issues presented. *See United States v. MacCollom*, 426 U.S. 317, 325–26 (1976); *Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.—Houston [1st Dist.] 1993, no pet.).

Appellant failed to show how this court has appellate jurisdiction in this appeal. We necessarily dismiss this appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH