

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-18-00256-CV
_____

IN RE DEWEY MACK EVANS, RELATOR

Original Proceeding
Arising From Proceedings Before the 47th District Court
Randall County, Texas
Trial Court No. 19,095-A; Honorable Dan L. Schaap, Presiding

July 18, 2018

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Dewey Mack Evans, an inmate proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel the Honorable Dan L. Schaap, presiding judge of the 47th District Court of Randall County, to order the trial court clerk to provide him with a copy of records from his criminal conviction and a prior habeas proceeding in order to pursue a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure. For reasons expressed herein, we deny the requested relief.

BACKGROUND

Relator was convicted of aggravated kidnapping and assessed an eighty-year sentence. On direct appeal, his conviction was affirmed by this court. *See Evans v. State*, No. 07-07-00377-CR, 2009 Tex. App. LEXIS 150, at *23 (Tex. App.—Amarillo Jan. 9, 2009, pet. ref'd) (mem. op., not designated for publication). Since then, Relator has attempted to obtain copies of the records from his criminal trial and habeas proceeding for preparation of a writ of habeas corpus. He contends the records contain evidence of his actual innocence. His *Motion for Loan of Records*, which was not made a part of this mandamus record, was denied by Judge Schaap on September 22, 2017. He now seeks a writ of mandamus to compel Judge Schaap to direct the trial court clerk to provide him with the records he maintains are necessary to prepare his writ.

MANDAMUS STANDARD OF REVIEW

Mandamus relief is an extraordinary remedy granted only when a relator can show (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). To establish an abuse of discretion, the relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). To establish no adequate remedy by appeal, the relator must show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist.*

*Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Furthermore, to establish a ministerial act, a relator must also show (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

ANALYSIS

"As a matter of constitutional equal protection, an indigent criminal defendant is entitled to a free transcript of prior proceedings when that transcript is needed for an effective defense or appeal." *Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.— Houston [1st Dist.] 1993, no pet.) (citing *Britt v. North Carolina*, 404 U.S. 226, 227, 30 L. Ed. 2d 400, 92 S. Ct. 431 (1971)); *In re Strickhausen*, 994 S.W.2d 936, 937 (Tex. App.— Houston [1st Dist.] 1999, orig. proceeding); *In re Sanders*, No. 07-14-00035-CV, 2014 Tex. App. LEXIS 2335, at *3 (Tex. App.—Amarillo Feb. 27, 2014, orig. proceeding). An indigent inmate is not, however, entitled—either as a matter of equal protection or due process—to a free record "merely for the purpose of searching it for a possible application for habeas corpus or other post-conviction relief." *Escobar,* 880 S.W.2d at 784. To obtain the production of a free record for such purposes, an indigent inmate must make a showing that the habeas corpus proceeding is not frivolous and that there is a specific need for the record being sought. *Id.* Therefore, for purposes of this proceeding, the question becomes, when a transcript of prior proceedings has been produced for purposes of a direct appeal, how does an indigent inmate obtain a copy of those records to assist in the pursuit of a writ of habeas corpus or other post-conviction relief?

In a previous attempt by Relator to obtain the records from his criminal conviction and a prior habeas proceeding, this court dismissed his direct appeal from the trial court's

3

order denying him permission to borrow the record for want of jurisdiction, noting that such an order was not an appealable order. *See Evans v. State*, No. 07-17-00399-CR, 2017 Tex. App. LEXIS 10041, at *2 (Tex. App.—Amarillo Oct. 25, 2017, no pet.) (mem. op., not designated for publication). In that opinion, this court observed that the Texas Rules of Appellate Procedure provide that this duplicate record may be obtained by the parties to use with permission from the trial court. *See* TEX. R. APP. P. 34.5(g), 34.6(h). Therefore, in situations where a record has previously been prepared for purposes of a direct appeal, an inmate might gain access to the duplicate record the trial court clerk is required to retain under Rules 34.5(g) and 34.6(h), by simply requesting access to that duplicate record. In our opinion, we further suggested that the denial of such a request might be countermanded by a writ of mandamus filed in this court pursuant to Rule 52.3 of the Texas Rules of Appellate Procedure. *Evans*, 2017 Tex. App. LEXIS 10041, at *2 n.3.

In *Evans*, this court relied on *In re Williams*, No. 09-01-00205-CV, 2001 Tex. App. LEXIS 3975, at *5-6 (Tex. App.—Beaumont June 14, 2001, orig. proceeding), and *In re Fitts*, No. 07-98-00374-CV, 1999 Tex. App. LEXIS 36, at *3-4 (Tex. App.—Amarillo Jan. 5, 1999, orig. proceeding). *Evans,* 2017 Tex. App. LEXIS 10041, at *2 n.3. Relator now relies on those cases as well to challenge Judge Schaap's ruling denying his motion. He argues that under Rules 34.5(g) and 34.6(h) he should be permitted to borrow the records to prepare his writ. He prays that a writ of mandamus issue "to compel the trial court to order the trial court clerk to give [him] a copy of the trial transcripts and habeas record."

In *Williams*, the relator was denied a record because he had not pursued the proper method for gaining access to the duplicate record. *In re Williams,* 2001 Tex. App. LEXIS

4

3975, at *5.[1]  Similarly, this court noted in *Fitts* that the relator had failed to allege he had requested access to the duplicate record and that the request had been denied.  *In re Fitts,* 1999 Tex. App. LEXIS 36, at *3-4.  Thus, because he could not show the trial court violated a duty or abused its discretion, he failed to establish that he was entitled to mandamus relief.  *Id.*

Here, Relator did not include a copy of his *Motion for Loan of Records* with his petition for writ of mandamus.  *See* TEX. R. APP. P. 52.3(k)(1)(A).  Accordingly, this court has no way of knowing the grounds on which he sought to obtain the records.  More importantly, Relator has not demonstrated that before pursuing a writ of mandamus in this court, he sought and was denied in the trial court a writ of mandamus seeking to compel the trial court clerk to provide him access to the duplicate record.  *See In re Williams*, 2001 Tex. App. LEXIS 3975, at *5.  Thus, Relator has not demonstrated that Judge Schaap abused his discretion or violated a duty imposed by law making the petition for writ of mandamus in this court premature.

Relator's *Petition for Writ of Mandamus* is denied.

Per Curiam

---

[1] In *In re Williams*, the relator pursued a writ of mandamus in the trial court against the district clerk to no avail.  2001 Tex. App. LEXIS 3975*,* at *5.  The appellate court noted that the next step should have been to pursue a writ of mandamus in the appellate court to compel the trial court to order the district clerk to release the duplicate record for temporary use.  *Id.*

An appellate court does not have jurisdiction over a district clerk unless issuance of a writ of mandamus is necessary to enforce its jurisdiction.  *See In re Coronado*, 980 S.W.2d 691, 692-93 (Tex. App.—San Antonio 1998, orig. proceeding).  Therefore, jurisdiction over the trial court clerk is limited to district and county judges.  TEX. GOV'T CODE ANN. § 22.221(b) (West Supp. 2017).