

# Fourth Court of Appeals
## San Antonio, Texas

October 30, 2018

No. 04-17-00750-CR

Kevin Lamar **JOHNSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2002CR4779
Honorable Philip A. Kazen, Jr., Judge Presiding

This court issued its mandate in appeal number 04-17-00750-CR on October 3, 2018. On October 18, 2018, pro se appellant Kevin Lamar Johnson filed a motion for rehearing.

This court's plenary power in appeal number 04-17-00750-CR has expired; this court no longer has jurisdiction in that appeal. *See* TEX. R. APP. P. 19.1 (plenary power period); *id.* 19.3 ("After its plenary power expires, the court cannot vacate or modify its judgment.").

Further, this court has "no jurisdiction over post-conviction writs of habeas corpus in felony cases." *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *accord* TEX. CODE CRIM. PROC. ANN. art. 11.07. Post-conviction writs of habeas corpus are to be filed in the trial court in which the conviction was obtained and made returnable to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07(b).

To obtain a free copy of the record to prepare a post-conviction writ of habeas corpus, Appellant must file a motion in the trial court in which the conviction was obtained and demonstrate that his claim is not frivolous and that the record is needed to decide the issues presented. *See United States v. MacCollom*, 426 U.S. 317, 325–26 (1976); *Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.—Houston [1st Dist.] 1993, no pet.).

Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 30th day of October, 2018.



_____
Keith E. Hottle
Clerk of Court