

# Fourth Court of Appeals
## San Antonio, Texas

May 1, 2019

No. 04-16-00605-CR

Joe **GUTIERREZ**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 14-11-0223-CRA
Honorable Donna S. Rayes, Judge Presiding

# O R D E R

This court issued its mandate in appeal number 04-16-00605-CR on June 14, 2017. On January 31, 2018, citing appeal number 04-16-00605-CR, *pro se* appellant Joe Gutierrez Jr. filed a motion for rehearing. In our February 6, 2018 response, we advised Appellant that this court no longer has jurisdiction in this appeal.

On April 24, 2019, Appellant filed a second motion for rehearing. As we explained in our February 6, 2018 response, the mandate issued in this appeal on June 14, 2017, and this court cannot provide Appellant with the relief he seeks.

This court's plenary power in appeal number 04-16-00605-CR has expired; this court no longer has jurisdiction in that appeal. *See* TEX. R. APP. P. 19.1 (plenary power period); *id.* 19.3 ("After its plenary power expires, the court cannot vacate or modify its judgment.").

Further, this court has "no jurisdiction over post-conviction writs of habeas corpus in felony cases." *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *accord* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015). Post-conviction writs of habeas corpus are to be filed in the trial court in which the conviction was obtained and made returnable to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07(b).

To obtain a free copy of the record to prepare a post-conviction writ of habeas corpus, Appellant must file a motion in the trial court in which the conviction was obtained and demonstrate that his claim is not frivolous and that the record is needed to decide the issues

presented.  *See United States v. MacCollom*, 426 U.S. 317, 325–26 (1976); *Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.—Houston [1st Dist.] 1993, no pet.).

It is so **ORDERED** on May 1, 2019.

**PER CURIAM**

ATTESTED TO: _____
Keith E. Hottle
Clerk of Court

