**In re Warren STRICKHAUSEN, Relator.**

**No. 01–99–00703–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 8, 1999.

Warren Strickhausen, Huntsville, for Relator.

Charles Bacarisse, Dist. Clerk, Harris County, Houston, for Respondent.

Panel consists of Justices COHEN, HEDGES, and ANDELL.

## OPINION

PER CURIAM.

Relator, Warren Strickhausen, has filed a petition for writ of mandamus complaining that he has paid in full for the clerk's record and reporter's record in trial court cause no. 633266 of the 180th District Court of Harris County Texas, but that the district clerk and the court reporter are refusing to give him the records. It should be noted that relator appealed his conviction in cause no. 633266 to the Fourteenth Court of Appeals. The record was filed in that court. On May 22, 1997, the Fourteenth Court affirmed his conviction in appellate cause no. 14–94–00920–CR. Relator filed a petition for discretionary review with the Texas Court of Criminal Appeals, which that court refused on September 15, 1997. Mandate issued on October 16, 1997.

We have no authority to issue a writ of mandamus to a court reporter or the district clerk unless they are interfering with our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 1988), § 22.221(b) (Vernon Supp.1999); *Lesikar v. Anthony*, 750 S.W.2d 338, 339 (Tex.App.—Houston [1st Dist.] 1988, orig. proceeding). In this case, they are not because we have none. Nor do we have any authority to issue a writ of mandamus to the Fourteenth Court of Appeals, which presumably has the record sought by relator. *Compare* TEX. GOV'T CODE ANN. § 22.002 (Vernon Supp.1999) *with* TEX. GOV'T CODE ANN. § 22.221.

The clerk of the appellate court, which was the Fourteenth Court of Ap-

peals in relator's case, is statutorily required to file and preserve the certified records in an appeal. *See* TEX. GOV'T CODE ANN. § 51.204(a)(1) (Vernon 1998). Relator, or his agent or anyone else, would be entitled to view the records at the court. A criminal defendant is not entitled to a free copy of the record once he has exhausted his state appeals, absent some compelling, recognized reason. *See Eubanks v. Mullin*, 909 S.W.2d 574, 576–77 (Tex.App.—Fort Worth 1995, orig. proceeding); *Escobar v. State*, 880 S.W.2d 782, 784 (Tex.App.—Houston [1st Dist.] 1993) (order). Accordingly, we deny the petition for writ of mandamus.