NUMBER 13-05-363-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

___________________________________________________________________

 

      IN RE ROBERT BUENTELLO

__________________________________________________________________

 

                      On Petition for Writ of
Mandamus ___________________________________________________________________

 

                     MEMORANDUM OPINION

 

       Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                             Per Curiam Memorandum Opinion

 

 








Relator, Robert Buentello, files this petition for
writ of mandamus requesting that this Court direct respondent, the Honorable
Jack E. Hunter, presiding judge of the 94th District Court of Nueces County, to
loan relator a free copy of the trial transcript and court clerk records in
order to assist him in filing a petition for habeas corpus.[1]  Relator is currently incarcerated and claims
that he has requested the records from the court clerk but is unable to pay for
them.  

We deny his petition for the following reasons.  Although an indigent criminal defendant has a
constitutional right to a free appellate record in a first appeal of right,
this appeal has already occurred.[2]   See Scott v. State, 80 S.W.3d 184,
190 (Tex. App.BWaco 2002, pet. ref=d)
(citing Griffin v. Illinois, 351 U.S. 12, 18-19 (1956); Abdnor v.
State, 712 S.W.2d 136, 139 (Tex. Crim. App. 1986)); see also Tex. R. App. P. 20.2.  An indigent criminal defendant is not
entitled, either as a matter of due process or equal protection, to a free
transcription of prior proceedings for use in pursuing post-conviction habeas
relief.  Escobar v. State, 880
S.W.2d 782, 783 (Tex. App.BHouston [1st Dist.] 1993, no pet.) (citing United
States v. MacCollom, 426 U.S. 317, 322‑23, 328 (1976)).  Furthermore, this Court has previously noted
in dicta that Aan indigent criminal defendant is not entitled to a
free clerk's record or reporter's record once he has exhausted his state
appeals, absent some compelling recognized reason.@  In re
Trevino, 79 S.W.3d 794, 796 (Tex. App.BCorpus Christi 2002) (orig. proceeding).     Relator has provided no reason other than
his indigent status to support his request for the records.  Accordingly, we deny his petition.

PER CURIAM

 

 

Do
not publish.  Tex. R. App. P. 47.2(b). 


 

Memorandum
Opinion delivered and filed

this
the 28th day of July, 2005.

 











[1]Relator was convicted sexual assault and indecency with a child.  He appealed his conviction to this Court, and
we affirmed.  See Buentello v.State,
No. 13-03-225-CR, 2004 Tex. App. LEXIS 7807, at *1 (Tex. App.BCorpus Christi Aug. 27, 2004) (not
designated for publication).    





[2]As relator's case was appealed to
this Court, the original record is in the possession of this Court as required
by the Texas Government Code. Tex. Gov=t Code Ann. ' 51.204(a)(1) (Vernon Supp.
2004-05). Relator, his agent, or anyone else would be entitled to view the
record at this Court.  In re
Strickhausen, 994 S.W.2d 936, 937 (Tex. App.BHouston [1st Dist.] 1999) (orig.
proceeding). Relator also retains the right to obtain a copy of the record by
making appropriate arrangements, including payment for the cost of copying the
records.