NUMBER 13-07-00692-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


IN RE EDUARDO A. TREVIÑO

 


On Petition for Writ of Mandamus

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Garza and Vela


Memorandum Opinion Per Curiam (1)


 

 Relator, Eduardo A. Treviño, filed a petition for writ of mandamus in the above
cause on November 7, 2007. Relator requests this Court to issue a writ of mandamus
ordering the Bee County District Clerk to provide him access to certain records so that he
can "inspect and review the record via interloan. . . ." 

 We conclude this Court does not have jurisdiction to grant the requested relief. This
court does not have mandamus jurisdiction over district clerks unless it is shown that
issuance of the writ is necessary to enforce our jurisdiction. See Tex. Gov't Code Ann. §
22.221(a), (b) (Vernon 2004); In re Simpson, 997 S.W.2d 939 (Tex. App.-Waco 1999, orig.
proceeding); In re Strickhausen, 994 S.W.2d 936 (Tex. App.-Houston [1st Dist.] 1999, orig.
proceeding); see also In re Hayes, No. 13-05-454-CV, 2005 Tex. App. LEXIS 5706, *2
(Tex. App.-Corpus Christi 2005, orig. proceeding). 

 Relator has neither alleged nor shown that issuance of the writ is necessary to
enforce our jurisdiction. Accordingly, the petition for writ of mandamus is hereby
DISMISSED for want of jurisdiction. See Tex. R. App. P. 52.8(a). (2)


 PER CURIAM


Memorandum Opinion delivered and filed

this 9th day of November, 2007.

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not
required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).See Tex. R.
App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do
so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).
2. We dismiss relator's motion for leave to file the petition for writ of mandamus as moot because the
Texas Rules of Appellate Procedure no longer require a motion for leave in original proceedings. See
generally Tex. R. App. P. 52 & cmt.