NUMBER 13-08-00421-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


____________________________________________________________

 


IN RE BILLY HOLMES A/K/A BILLY RICHARDS




____________________________________________________________


On Petition for Writ of Mandamus

____________________________________________________________


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela 


Per Curiam Memorandum Opinion (1)



 Relator, Billy Holmes a/k/a Billy Richards, pro se, filed a petition for writ of
mandamus in the above cause on July 2, 2008. Relator requests this Court to issue a writ
of mandamus ordering Anna Marie Silvas, the District Clerk of Bee County, to file and
process his pleadings. 

 We conclude this Court does not have jurisdiction to grant the requested relief. This
court does not have mandamus jurisdiction over district clerks unless it is shown that
issuance of the writ is necessary to enforce our jurisdiction. See Tex. Gov't Code Ann. §
22.221(a), (b) (Vernon 2004); In re Simpson, 997 S.W.2d 939 (Tex. App.-Waco 1999, orig.
proceeding); In re Strickhausen, 994 S.W.2d 936 (Tex. App.-Houston [1st Dist.] 1999, orig.
proceeding); In re Coronado, 980 S.W.2d 691, 692 (Tex. App.-San Antonio 1998, orig.
proceeding); see also In re Hayes, No. 13-05-454-CV, 2005 Tex. App. LEXIS 5706, *2
(Tex. App.-Corpus Christi 2005, orig. proceeding). 

 When a district clerk refuses to accept a pleading presented for filing, the party
presenting the document can seek relief by filing an application for writ of mandamus in the
district court, or attempting to file the pleading directly with a district judge, explaining in a
verified motion that the clerk refused to accept the pleading for filing. See In re Bernard,
993 S.W.2d 453, 454-544 (Tex. App.-Houston [1st Dist.] 1999, orig. proceeding)
(O'Connor, J., concurring).

 Relator has neither alleged nor shown that issuance of the writ is necessary to
enforce our jurisdiction. Accordingly, the petition for writ of mandamus is hereby
DISMISSED for want of jurisdiction. See Tex. R. App. P. 52.8(a).



 PER CURIAM



Memorandum Opinion delivered and filed

this the 15th day of July, 2008.

 
1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).