

## NUMBER 13-08-00507-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE CLYDE NUBINE

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion Per Curiam[1]

Relator, Clyde Nubine, pro se, filed a petition for writ of mandamus in the above causes on August 12, 2008. Relator requests this Court to issue a writ of mandamus ordering Anna Marie Silvas, the District Clerk of Bee County, to file and process his pleadings.

We conclude this Court does not have jurisdiction to grant the requested relief. This court does not have mandamus jurisdiction over district clerks unless it is shown that

---

[1]*See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

issuance of the writ is necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (Vernon 2004); *In re Simpson*, 997 S.W.2d 939 (Tex. App.–Waco 1999, orig. proceeding); *In re Strickhausen*, 994 S.W.2d 936 (Tex. App.–Houston [1st Dist.] 1999, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.–San Antonio 1998, orig. proceeding); *see also In re Hayes*, NO. 13-05-454-CV, 2005 Tex. App. LEXIS 5706, *2 (Tex. App.–Corpus Christi 2005, orig. proceeding).

When a district clerk refuses to accept a pleading presented for filing, the party presenting the document can seek relief by filing an application for writ of mandamus in the district court, or attempting to file the pleading directly with a district judge, explaining in a verified motion that the clerk refused to accept the pleading for filing. *See In re Bernard*, 993 S.W.2d 453, 454-544 (Tex. App.–Houston [1st Dist.] 1999, orig. proceeding) (O'Connor, J., concurring).

Relator has neither alleged nor shown that issuance of the writ is necessary to enforce our jurisdiction. Accordingly, the petition for writ of mandamus is hereby DISMISSED for want of jurisdiction. *See* TEX. R. APP. P. 52.8(a). Pending motions, if any, are likewise DISMISSED for want of jurisdiction.

PER CURIAM

Memorandum Opinion delivered and filed
this 27th day of August, 2008.

2