COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN RE:   MIGUEL ROJAS, JR. | §<br><br>§<br><br>§<br><br>§<br><br>§<br><br>§<br><br>§ | No. 08-12-00342-CR<br><br>AN ORIGINAL PROCEEDING IN<br><br>MANDAMUS |

## <u>MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS</u>

Relator, Miguel Rojas, Jr., has filed a *pro se* petition for writ of mandamus, requesting that this Court compel the El Paso County District Clerk to provide him with "true and correct copies of the Reporter's Records" for a number of different cases.[1]

To demonstrate entitlement to a writ of mandamus in a criminal case, a relator must establish that (1) the trial court failed to perform a duty that is purely ministerial under the facts and the law, and that (2) the relator has no other adequate legal remedy.   *State ex rel. Hill v. Court of Appeals for Fifth District*, 34 S.W.3d 924, 927 (Tex.Crim.App. 2001).   *See also Barnes v. State*, 832 S.W.2d 424, 426 (Tex.App.--Houston [1st Dist.] 1992, orig. proceeding)("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

Relator does not clearly state what ministerial act was not performed, nor does he indicate which court failed to perform its duty.   Relator asks that the Clerk of this Court provide him with copies of reporter's records, clerk's records, exhibits, and fifteen other types of documents listed in

---

[1]  We have previously denied a similar request made by this Relator.   *See In re Rojas*, No. 08-12-00006-CR, 2012 WL 248046 (Tex.App.--El Paso Jan. 25, 2012, no pet.).

his writ, seeking these to prepare a writ of habeas corpus.

An indigent criminal defendant is not entitled--either as a matter of equal protection or of due process--to a free record of prior proceedings for use in pursuing post-conviction habeas corpus relief. *United States v. MacCollom*, 426 U.S. 317, 322-23, 96 S.Ct. 2086, 2090, 48 L.Ed.2d 666 (1976); *In re Strickhausen*, 994 S.W.2d 936, 937 (Tex.App.--Houston [1st Dist.] 1999, orig. proceeding). A free record is available for that purpose only if the defendant shows that the habeas corpus application is not frivolous and there is a specific need for the trial records that are sought. *In re Coronado*, 980 S.W.2d 691, 693 (Tex.App.--San Antonio 1998, orig. proceeding). To the extent that Relator seeks a copy of the reporter's record for use in an anticipated habeas proceeding, he has not made the required showing.

Relator has not shown that the trial court violated a ministerial duty by denying his request for a record, or in any other fashion. Therefore, he has not established that he is entitled to mandamus relief. Accordingly, his petition for writ of mandamus is Denied.


November 28, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)

2