COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
  
  
  
  
 IN RE:  MIGUEL ROJAS, JR.
  
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 §
  
 
 
  
  
 No. 08-12-00342-CR
  
 AN ORIGINAL
 PROCEEDING IN
  
 MANDAMUS
  
 
 


MEMORANDUM
OPINION ON PETITION FOR WRIT OF MANDAMUS

            Relator, Miguel Rojas,
Jr., has filed a pro se petition for
writ of mandamus, requesting that this Court compel the El Paso County District
Clerk to provide him with “true and correct copies of the Reporter’s Records”
for a number of different cases.[1]

To demonstrate
entitlement to a writ of mandamus in a criminal case, a relator must establish
that (1) the trial court failed to perform a duty that is purely ministerial
under the facts and the law, and that (2) the relator has no other adequate
legal remedy.  State ex rel. Hill v. Court of Appeals for Fifth District, 34
S.W.3d 924, 927 (Tex.Crim.App. 2001).  See also Barnes v. State, 832 S.W.2d
424, 426 (Tex.App.--Houston [1st Dist.] 1992, orig. proceeding)(“Even a pro se
applicant for a writ of mandamus must show himself entitled to the
extraordinary relief he seeks.”).

Relator does not
clearly state what ministerial act was not performed, nor does he indicate
which court failed to perform its duty. 
Relator asks that the Clerk of this Court provide him with copies of
reporter’s records, clerk’s records, exhibits, and fifteen other types of
documents listed in his writ, seeking these to prepare a writ of habeas corpus.

An indigent criminal
defendant is not entitled--either as a matter of equal protection or of due
process--to a free record of prior proceedings for use in pursuing post-conviction
habeas corpus relief.  United States v. MacCollom, 426 U.S.
317, 322-23, 96 S.Ct. 2086, 2090, 48 L.Ed.2d 666 (1976); In re Strickhausen, 994 S.W.2d 936, 937 (Tex.App.--Houston [1st
Dist.] 1999, orig. proceeding).  A free
record is available for that purpose only if the defendant shows that the
habeas corpus application is not frivolous and there is a specific need for the
trial records that are sought.  In re Coronado, 980 S.W.2d 691, 693
(Tex.App.--San Antonio 1998, orig. proceeding). To the extent that Relator
seeks a copy of the reporter’s record for use in an anticipated habeas
proceeding, he has not made the required showing.

Relator has not
shown that the trial court violated a ministerial duty by denying his request
for a record, or in any other fashion.  Therefore, he has not established that he is
entitled to mandamus relief. 
Accordingly, his petition for writ of mandamus is Denied.

 

 

November 28, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)











[1]
We have previously denied a similar request made by this Relator.  See In
re Rojas, No. 08-12-00006-CR, 2012 WL 248046 (Tex.App.--El Paso Jan. 25,
2012, no pet.).