

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00731-CR

Bryan Keith **CRUM**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B10826
Honorable M. Rex Emerson, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Justice
            Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:  November 27, 2013

DISMISSED FOR LACK OF JURISDICTION

On October 11, 2013, appellant filed a notice of appeal in this court in which he asserts the Kerr County District Clerk is fraudulently withholding certain documents he requested related to his March 19, 2012 plea bargain and conviction for murder. In his notice of appeal, appellant asks this court to order the district clerk "to produce said documents in order for his collateral attack to be successful . . . ." We assume appellant intends to collaterally attack the March 19, 2012 conviction via a post-conviction habeas application. On November 6, 2013, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant

responded, raising several arguments as to why his out-of-time appeal is not frivolous and why he is entitled to a free record.

This court does not have jurisdiction over matters related to post-conviction writs of habeas corpus in felony cases. *See Bd of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding); TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3 (West Supp. 2013). Article 11.07 provides the exclusive means to challenge a final felony conviction, and jurisdiction to grant post-conviction habeas corpus relief on a final felony conviction rests exclusively with the Court of Criminal Appeals. *Keene*, 910 S.W.2d at 483.

Additionally, an indigent defendant ordinarily is not entitled to a free copy of his trial transcript for purposes of filing a post-conviction habeas application. *In re Strickhausen*, 994 S.W.2d 936, 937 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). A free record is available for that purpose only if the defendant shows the habeas corpus application is not frivolous and there is a specific need for the trial records that are sought. *In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig. proceeding). We have reviewed appellant's arguments in his response—all of which are arguments that could have been raised in a timely appeal from his 2012 conviction—and conclude he has not made any such showing here.

Finally, other than appellant's allegation that the district clerk has refused to turn over the requested documents, there is no such order in the clerk's record. Accordingly, it appears there is no final order or judgment from which appellant may appeal. Even if there was an order, we do not have jurisdiction over interlocutory orders unless jurisdiction has been expressly granted by law. *See Ex parte Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). The narrow exceptions to this rule do not apply here, and we have found no statute authorizing this court to

address an appeal of an order denying a free copy of a record after appellant's conviction has been affirmed or otherwise become final.

For these reasons, we conclude we do not have jurisdiction over this appeal. Accordingly this appeal is dismissed.

PER CURIAM

Do not publish