

# Fourth Court of Appeals
## San Antonio, Texas

August 8, 2014

No. 04-08-00358-CR

Adam Jay **GONZALES**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. A05-467
Honorable Stephen B. Ables, Judge Presiding

# O R D E R

Sitting:  Sandee Bryan Marion, Justice
     Marialyn Barnard, Justice
     Rebeca C. Martinez, Justice

   Appellant's conviction was affirmed by this court on March 18, 2009, and our mandate issued on May 21, 2009. On July 23, 2014, appellant filed a motion to obtain a free record so that he could prepare a writ of habeas corpus. In an order dated July 29, 2014, this court stated that an indigent defendant ordinarily is not entitled to a free copy of his trial transcript for purposes of filing a postconviction habeas application. *In re Strickhausen*, 994 S.W.2d 936, 937 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). A free record is available for that purpose only if the defendant shows the habeas corpus application is not frivolous and there is a specific need for the trial records that are sought. *In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig. proceeding). We denied appellant's motion because he had not made any such showing here.

   On August 4, 2014, appellant filed a pro se "Petition of Objection In Accordance With Rule 68.9 of [the] Texas Rules of Appellant [sic] Procedure."[1] In his motion, appellant acknowledges receipt of our July 29, 2014 order, and he now requests a free record of his trial court proceedings pursuant to the Texas Open Records Act.

---

1 Rule 68 governs proceedings before the Texas Court of Criminal Appeals. Rule 68.9 provides as follows: "The opposing party has 15 days after the timely filing of the petition in the Court of Criminal Appeals to file a reply petition with the clerk of the Court of Criminal Appeals." TEX. R. APP. P. 68.9.

An indigent criminal defendant is not entitled to a free clerk's record or reporter's record once he has exhausted his state appeals, absent some compelling, recognized reason. *See* In re *Strickhausen*, 994 S.W.2d at 937. Appellant's motion and the record before us do not demonstrate a compelling, recognized reason. Neither federal due process nor equal protection requires the State to furnish a free record to an indigent prisoner. *See United States v. MacCollom*, 426 U.S. 317 (1976); *Escobar v. State*, 880 S.W.2d 782, 783-84 (Tex. App.—Houston [1st Dist.] 1993, no pet.). Nor is an indigent criminal defendant entitled to a free clerk's record or reporter's record under the Texas Open Records Act. *See* In re *Handy*, No. 01-00-01059-CV, 2000 WL 1511711, at *1 (Tex. App.—Houston [1st Dist.] October 12, 2000, orig. proceeding) (not designated for publication); *see also* Tex. Gov't Code Ann. §§ 552.003(1)(B) ("governmental body" "does not include the judiciary") (West Supp. 2014), 552.0035(a) ("Access to information collected, assembled, or maintained by or for the judiciary is governed by rules adopted by the Supreme Court of Texas or by other applicable laws and rules."), 552.261 ("Charge for Providing Copies of Public Information") (West 2012).

Therefore, we DENY appellant's motion.


Sandee Bryan Marion, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 8th day of August, 2014.


Keith E. Hottle
Clerk of Court