

# Fourth Court of Appeals

## San Antonio, Texas

September 4, 2014

No. 04-14-00278-CR

Cesar R. **SANTELISES**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR2907
Honorable Melisa Skinner, Judge Presiding

# O R D E R

Sitting:      Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Appellant's appeal was dismissed by this court on June 25, 2014, and our mandate issued on August 25, 2014. *See* TEX. R. APP. P. 25.2(d) ("The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules."). On August 29, 2014, appellant filed a pro se letter asking this court to send him all the records in his case. Appellant does not indicate why he wants the records, but we presume it is for the purpose of filing a postconviction habeas application. An indigent criminal defendant is not entitled to a free clerk's record or reporter's record once he has exhausted his state appeals, absent some compelling, recognized reason. *In re Strickhausen*, 994 S.W.2d 936, 937 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). Appellant's letter and the record before us do not demonstrate a compelling, recognized reason. Neither federal due process nor equal protection requires the State to furnish a free record to an indigent prisoner. *See United States v. MacCollom*, 426 U.S. 317 (1976); *Escobar v. State*, 880 S.W.2d 782, 783-84 (Tex. App.—Houston [1st Dist.] 1993, no pet.).

Therefore, appellant's request is DENIED.

It is so **ORDERED** on the 4th day of September, 2014.

PER CURIAM

ATTESTED TO:

Keith E. Hottle
Clerk of Court