

# Fourth Court of Appeals
## San Antonio, Texas

May 20, 2015

No. 04-14-00412-CR

Robert **MARTINEZ, JR.,**
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR6698
Honorable Maria Teresa Herr, Judge Presiding

# O R D E R

Sitting:      Sandee Bryan Marion, Chief Justice
           Marialyn Barnard, Justice
           Rebeca C. Martinez, Justice

Appellant's appeal was dismissed by this court on August 6, 2014 pursuant to Texas Rule of Appellate Procedure 25.2(d).[1] Although the Court of Criminal Appeals granted extensions of time in which to file a petition for discretionary review, appellant did not do so, and this court's mandate issued on March 2, 2015. On May 11, 2015, appellant filed a motion to withdraw the appellate record from this court pursuant to Texas Rule of Appellate Procedure 12.4 for the purpose of filing a writ of habeas corpus.[2]

An indigent defendant ordinarily is not entitled to a free copy of his trial transcript for purposes of filing a postconviction habeas application. *In re Strickhausen*, 994 S.W.2d 936, 937 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). A free record is available for that purpose only if the defendant shows the habeas corpus application is not frivolous and there is a specific need for the trial records that are sought. *In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig. proceeding). Appellant has not made any such showing here; therefore, his request is DENIED.

---

[1] "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).

[2] Rule 12.4 allows "[t]he clerk [to] permit the record or other filed item to be taken from the clerk's office at any time, on [certain] conditions . . . ." TEX. R. APP. P. 12.4.

It is so **ORDERED** on the 20th day of May, 2015.

PER CURIAM

ATTESTED TO:

Keith E. Hottle
Clerk of Court

