

# Fourth Court of Appeals
## San Antonio, Texas

July 28, 2015

No. 04-14-00412-CR

Robert **MARTINEZ**, Jr.,
Appellant

v.

**THE STATE OF TEXAS**,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR6698
Honorable Maria Teresa Herr, Judge Presiding

# O R D E R

Sitting: Sandee Bryan Marion, Chief Justice
  Marialyn Barnard, Justice
  Rebeca C. Martinez, Justice

Appellant's appeal was dismissed by this court on August 6, 2014 pursuant to Texas Rule of Appellate Procedure 25.2(d).[1] Although the Court of Criminal Appeals granted extensions of time in which to file a petition for discretionary review, appellant did not do so, and this court's mandate issued on March 2, 2015. On May 11, 2015, appellant filed a motion to withdraw the appellate record from this court pursuant to Texas Rule of Appellate Procedure 12.4 for the purpose of filing a writ of habeas corpus.[2] On May 20, 2015, this court denied the motion.

On June 22, 2015, appellant filed a second motion to withdraw records in which he states (1) he is indigent, (2) he needs the record to raise allegations of ineffective assistance of counsel and various "access to court" violations such as the handling and filing of his mail and access to the law library writ room, and (3) he seeks exculpatory evidence his trial counsel and the State failed to provide. Appellant contends there are numerous controverted, previously unresolved

---

[1] "The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." Tex. R. App. P. 25.2(d).

2 Rule 12.4 allows "[t]he clerk [to] permit the record or other filed item to be taken from the clerk's office at any time, on [certain] conditions . . . ." Tex. R. App. P. 12.4.

facts that demand resolution. He also contends he has not filed an application for writ of habeas corpus under any section of Article 11 of the Texas Code of Criminal Procedure in this case.

Appellant is directed to Texas Code of Criminal Procedure 11.06, which provides the method for filing a post-conviction application for writ of habeas corpus with the Texas Court of Criminal Appeals. Article 11.07 provides in pertinent part that

> An application for writ of habeas corpus filed after final conviction in a felony case, other than a case in which the death penalty is imposed, must be filed with the clerk of the court in which the conviction being challenged was obtained, and the clerk shall assign the application to that court. When the application is received by that court, a writ of habeas corpus, returnable to the Court of Criminal Appeals, shall issue by operation of law.

TEX. CRIM. PROC. CODE ANN. § art. 11.07, § 3(b) (West 2015).

With regard to controverted unresolved facts, Article 11.07 provides as follows:

> If the convicting court decides that there are controverted, previously unresolved facts which are material to the legality of the applicant's confinement, it shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating the issues of fact to be resolved. To resolve those issues the court may order affidavits, depositions, interrogatories, additional forensic testing, and hearings, as well as using personal recollection. The state shall pay the cost of additional forensic testing ordered under this subsection, except that the applicant shall pay the cost of the testing if the applicant retains counsel for purposes of filing an application under this article. The convicting court may appoint an attorney or a magistrate to hold a hearing and make findings of fact.

Id. art. 11.07, § 3(d).

As we stated in our order dated May 20, 2015, an indigent defendant ordinarily is not entitled to a free copy of his trial transcript for purposes of filing a postconviction habeas application. In re Strickhausen, 994 S.W.2d 936, 937 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). A free record is available for that purpose only if the defendant shows the habeas corpus application is not frivolous and there is a specific need for the trial records that are sought. In re Coronado, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig. proceeding). We do not believe appellant has made any such showing in this second request for a free record; therefore, his request is DENIED.

Sandee Bryan Marion, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 28th day of July, 2015.

Keith E. Hottle
Clerk of Court