**Opinion issued November 8, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00363-CR

———————————

## NOE ARMANDO ARTIGA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Case No. 1333910

## MEMORANDUM OPINION

Appellant pleaded guilty to the offense of murder and was sentenced to 50 years' imprisonment. He did not appeal the judgment and the conviction became final. Appellant subsequently filed a pro se notice of appeal from the trial court's denial of his "Motion to be Provided/Furnished Free Copy of Court Reporter's

Proceedings and Transcripts in Support of Filing a Writ of Habeas Corpus." Appellant requests that, in the event we determine that we lack jurisdiction over his attempted appeal, we alternatively issue a writ of mandamus compelling the trial court to grant his motion. We dismiss the appeal for lack of jurisdiction and deny the alternative request for a writ of mandamus.

The right to appeal in criminal cases is conferred by the Legislature, and a party may appeal only from judgments of conviction or interlocutory orders authorized as appealable. *See* TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2); *see also Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). The courts of appeals do not have jurisdiction to review interlocutory orders in criminal cases unless that jurisdiction has been granted by law expressly. *See Ragston*, 424 S.W.3d at 52. "The denial of a motion to obtain a free record is not an appealable order." *Hosea v. State*, No. 01-14-01017-CR, 2015 WL 831997, at *1 (Tex. App.—Houston [1st Dist.] Feb. 26, 2015, no pet.) (mem. op., not designated for publication); *Poole v. State*, No. 14–14–00081–CR, 2014 WL 1268617, at *1 (Tex. App.—Houston [14th Dist.] Mar. 27, 2014, no pet.) (mem. op., not designated for publication); *see also Richard v. State*, No. 01-16-00196-CR, 2016 WL 1470029, at *1 (Tex. App.—Houston [1st Dist.], Apr. 14, 2016, no pet.) (mem. op., not designated for publication); *Quijano v. State*, No. 14–11–01105–CR, 2012 WL 214293, at *1 (Tex. App.—Houston [14th Dist.] Jan. 24, 2012, no pet.) (mem. op.,

not designated for publication). Because this appeal does not fall within any exceptions to the general rule that appeals may be taken only from a final judgment of conviction, we have no jurisdiction over the attempted appeal. *See Abbot v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008).

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f); *Hosea*, 2015 WL 831997 at *1 (dismissing appeal for want of jurisdiction when trial court denied appellant's request for free copy of record to prosecute postconviction writ of habeas corpus).

Appellant's alternative request for a writ of mandamus compelling the trial court to grant his motion for a free reporter's record in connection with this appeal is denied. *See, e.g.*, *In re Strickhausen*, 994 S.W.2d 936, 937 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) ("A criminal defendant is not entitled to a free copy of the record once he has exhausted his state appeals, absent some compelling, recognized reason."). Because the fee for preparing the reporter's record has been paid by the county and the reporter's record has been filed in this case, we direct the trial court clerk to provide a copy of the reporter's record to appellant. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Bland, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).