# NO. 12-15-00118-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MICHAEL LYNN EATON,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Relator Michael Lynn Eaton has filed a petition requesting mandamus relief against the judge and the official court reporter of the 115th Judicial District Court of Upshur County and the District Clerk of Upshur County. We dismiss the petition in part and deny it in part.

### PROCEDURAL BACKGROUND

Relator alleges in his mandamus petition that he is attempting to obtain the clerk's and reporter's records pertaining to his criminal conviction in trial court cause number 15074. He plans to use the records in preparing an application for postconviction habeas relief as authorized by Texas Code of Criminal Procedure Article 11.07. His mandamus petition includes a detailed list of documents he has sent to the district clerk and court reporter and motions he has filed that are directed to the trial court. The majority of the items he lists relate to his attempts to obtain a page and cost estimate for the preparation of each record. After receiving an incomplete response from the district clerk and no response from the court reporter, Relator proposed that the clerk choose one of three options as payment for the record: (1) a free personal copy of the record, (2) a copy on loan, or (3) a cost of ten cents per page. The court reporter then responded that the fee for her record would be $2,000.00. The district clerk did not respond.

## PREREQUISITES TO MANDAMUS

To obtain mandamus relief in a criminal case, the relator must show that he has no adequate remedy at law to redress his alleged harm and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A relator's burden on mandamus also includes satisfying the requirement that "[e]very statement of fact in the petition [be] supported by citation to competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(g). Thus, the relator's mandamus petition must be accompanied by a certified copy of every document that is material to a relator's claim for relief and that was filed in any underlying proceeding. *See* TEX. R. APP. P. 52.7(a)(1). In short, a relator must supply a record sufficient to establish the right to mandamus relief.

## DISTRICT CLERK AND COURT REPORTER

This Court's mandamus authority is limited to (1) a judge of a district or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Texas Code of Criminal Procedure Chapter 52 in the court of appeals district; or (3) a situation in which a writ of mandamus is necessary to protect the Court's jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004). The district clerk and court reporter are not judges, and Relator does not assert that a writ of mandamus directed to them is necessary to protect this Court's jurisdiction. Consequently, we do not have jurisdiction to consider the merits of Relator's mandamus petition insofar as it pertains to the district clerk and the court reporter. *See id*.

## THE TRIAL COURT

Relator points out that he filed an affidavit of indigence that was uncontested. According to Relator, "there is no question that an indigent defendant is entitled to a free transcription of prior proceedings for an effective defense or appeal." Therefore, he requests an order directing "the Trial Court, District Clerk, and Court Reporter to choose one of three options offered by Relator and forthwith provide him with the copies he has requested." For the reasons set forth in the preceding section, we address Relator's request as to the trial court only.

**Reporter's Record**

A person may apply for a transcript of the evidence in a case reported by an official court reporter. TEX. GOV'T CODE ANN. § 52.047(a) (West 2013). The reporter must furnish the transcript not later than the 120th day after the date (1) the reporter received the application for it and (2) the applicant pays the transcript fee or establishes indigency as provided by the rules of appellate procedure. *See id*. If the applicant objects to the amount of the fee, the trial court "shall determine a reasonable fee, taking into consideration the difficulty and technicality of the material to be transcribed and any time constraints imposed by the person requesting the transcript." *Id*. § 52.047(b).

Relator alleges that he sent a letter requesting the trial court to "look into and inquire as to why Relator was not getting the copies necessary for his Appeal and as to what the problem was for the Clerk or Court Reporter in choosing one of the three options." However, he has not provided a record that includes a certified copy of this letter or any other documents pertaining to his claim for relief. *See* TEX. R. APP. P. 52.7(a)(1). Nevertheless, we can determine from his petition alone that he is not entitled to relief related to the reporter's record.

Section 52.047 does not authorize the person requesting a transcript from an official court reporter to place limitations on the fee for the transcript as Relator attempted to do here. *See* TEX. GOV'T CODE ANN. § 52.047. The determination of a reasonable fee for the transcript is to be made by the trial court. *See In re Slaughter*, No. 02-13-00122-CV, 2013 WL 1960624, at *2 (Tex. App.–Fort Worth May 14, 2013, orig. proceeding) (mem. op.) (holding that section 52.047 creates mandatory duty or obligation for trial court to determine reasonable fee if an objection is made to court reporter's fee). Thus, the trial court had no duty to investigate why the court reporter did not choose one of the three options Relator submitted. Moreover, Relator has not provided a record showing that he objected to the court reporter's fee.[1] Consequently, we cannot conclude that he has invoked the trial court's ministerial duty to determine a reasonable fee. Absent a ministerial duty, Relator cannot establish that a trial court's act or failure to act constitutes an abuse of discretion. *See State ex rel. Young*, 236 S.W.3d at 210.

**Clerk's Record**

The procedure set forth in section 52.047 does not apply to a district clerk. *See generally* TEX. GOV'T CODE ANN. § 52.047. However, the court of criminal appeals has held that "[a]

---

[1] Relator alleges that he filed a "Motion Requesting Transcripts," but we have not been provided a copy of it and therefore cannot determine whether it includes the required objection.

district clerk must provide information to an imprisoned or confined individual or his agent about the amount it would cost to obtain trial and appellate transcripts so that the individual may then pay for them and use them to pursue an application for a writ of habeas corpus." *In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (orig. proceeding).

Contrary to Relator's assertion, habeas corpus is a collateral attack on a judgment of conviction, not an appeal. *See Ex parte Rodriguez*, 466 S.W.3d 846, 852 (Tex. Crim. App. 2015). An indigent defendant ordinarily is not entitled to a free copy of the record for purposes of filing a postconviction habeas application. *In re Strickhausen*, 994 S.W.2d 936, 937 (Tex. App.– Houston [1st Dist.] 1999, orig. proceeding). A free record is available for that purpose only if the defendant shows the habeas application is not frivolous and there is a specific need for the trial records that are sought. *In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.–San Antonio 1998, orig. proceeding). Relator does not allege that he has made the showing required to obtain a free clerk's record. Moreover, we are unaware of any authority, and Relator has not cited any such authority, under which he can obtain a clerk's record for habeas purposes without making this showing or paying the per page price charged by the district clerk. *See id*.; *see also* TEX. GOV'T CODE ANN. § 51.318 (a),(b) (7)-(8) (West Supp. 2016) (providing that district clerk "shall" collect certain fees including specified fees for copies). Therefore, the trial court had no ministerial duty to investigate why the district clerk did not choose one of the three options Relator submitted for obtaining the clerk's record. Consequently, Relator has not shown that the trial court abused its discretion by failing to do so. *See State ex rel. Young*, 236 S.W.3d at 210.

## DISPOSITION

The district clerk and the court reporter do not fall within our mandamus authority, and Relator has not shown any abuse of discretion by the trial court. Because Relator has not satisfied the first prerequisite to mandamus, we do not address whether Relator has an adequate remedy at law or whether the specific relief he requests is available by mandamus. *See* TEX. R. APP. P. 47.1. We *dismiss* Relator's petition as to the district clerk and court reporter and *deny* it as to the respondent trial court judge. All pending motions are *overruled* as moot.

Opinion delivered November 22, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 22, 2016**

**NO. 12-15-00118-CR**

**MICHAEL LYNN EATON,**
Relator
V.

**DEANNA DRENNAN, KAREN BUNN,
AND HON. LAUREN L. PARISH,**
Respondents

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **MICHAEL LYNN EATON**, who is the relator in Cause No. 15074, pending on the docket of the 115th District Court Judicial District Court of Upshur, Texas. Said petition for writ of mandamus having been filed herein on May 6, 2015, and the same having been duly considered, because it is the opinion of this Court that a writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **dismissed** as to the district clerk and court reporter, and **denied** as to the 115th District Court judge.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*