

IN THE
TENTH COURT OF APPEALS

No. 10-18-00101-CR

TYRONE RADALE SHEPARD,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 272nd District Court
Brazos County, Texas
Trial Court No. 17-04108-CRF-272

MEMORANDUM OPINION

Tyrone Shepard has filed a *pro se* "Notice of Appeal." Citing article 44.02 of the Code of Criminal Procedure, Shepard appeals what he describes as "a matter which has been raised by written motion filed prior to tried [*sic*]." *See generally* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006). Shepard states that whenever a request for a court reporter is made, the refusal to furnish the court reporter and require a transcription of the proceedings is per se prejudicial. Shepard prays that this Court order the court

reporter and court coordinator of the trial court to "provide all testimony and evidence adduced in shorthand or by any method to record all proceedings held in this cause."

The right of appeal in criminal cases is conferred by the Legislature, and a defendant may appeal only from judgments of conviction or interlocutory orders authorized as appealable. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; TEX. R. APP. P. 25.2(a)(2); *see also Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014) ("'[T]he standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" (quoting *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008))). Shepard is not appealing from a judgment of conviction or an appealable interlocutory order; therefore, we have no jurisdiction over his appeal.[1] *See Ragston*, 424 S.W.3d at 52; *see also Abbott*, 271 S.W.3d at 696-97. Accordingly, this appeal is dismissed.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeal dismissed
Opinion delivered and filed March 28, 2018
Do not publish
[CR25]



---

[1] And to the extent Shepard is seeking mandamus relief against the court reporter or court coordinator of the trial court, we have no jurisdiction to issue a writ of mandamus against a court reporter or court coordinator unless such is necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2017); *In re Strickhausen*, 994 S.W.2d 936, 936 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding).