**DENIED and Opinion Filed July 1, 2021**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00385-CV**

**IN RE VICTOR J. BLACK, Relator**

**Original Proceeding from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F09-62734-Y**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Myers

In this original proceeding, Victor Black has filed a petition for a writ of mandamus to compel the trial court to rule on a motion to release medical records filed as an exhibit in his trial and to compel the court reporter to respond to relator's inquiry about the cost to purchase a copy of the medical records exhibit. We deny relief.

We have the power to issue writs of mandamus to enforce our own jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a). We also have jurisdiction to issue writs of mandamus more broadly against district and county judges within our geographic jurisdiction. *See id.* at § 22.221(b). Relator has not shown that a writ of mandamus against the court reporter is necessary in this case to enforce our

jurisdiction. Accordingly, we have no basis for asserting jurisdiction over the court reporter. *See In re Strickhausen*, 994 S.W.2d 936, 936 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (per curiam); *see also In re Williams*, No. 05-20-00255-CV, 2020 WL 967349, at \*1 (Tex. App.—Dallas Feb. 28, 2020, orig. proceeding) (mem. op.) (denying petition for writ of mandamus against court reporter).

Regarding relator's request for relief against the trial court, a petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The court requires relator's certification to state substantially what is written in rule 52.3(j). *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding); *see also In re Hughes*, 607 S.W.3d 136, 137 (Tex. App.—Houston [14th Dist.] orig. proceeding) (dismissing case for deficiencies in mandamus petition).

Relator's petition is not properly certified. He provides an unsworn declaration stating under penalty of perjury that "the foregoing is true and correct." Because relator does not certify that he "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record," or language substantially similar, the petition

–2–

does not comply with rule 52.3(j). *See* TEX. R. APP. P. 52.3(j); *Butler*, 270 S.W.3d at 758; *Hughes*, 607 S.W.3d at 137.

Furthermore, to obtain mandamus relief compelling the trial court to rule on his motion, relator must file with his petition a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). To create a sufficient record, rule 52.3(k)(1)(A) requires relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Relator's status as an incarcerated person does not relieve him of the obligation to file a sufficient record. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

In this case, relator has not filed any record. Instead, he states that the documents relevant to the record are filed with the trial court and the court reporter. To obtain mandamus relief, relator must show (1) the trial court had a legal duty to rule on the motion, (2) relator requested a ruling, and (3) the trial court failed or refused to do so within a reasonable time. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per curiam). Without a record, relator

cannot show he filed the motion, requested a ruling, and the trial court failed or refused to act on the motion within a reasonable time. *See Prado*, 522 S.W.3d at 2; *Molina*, 94 S.W.3d at 886.

Because relator's petition is not certified and is not accompanied by a supporting record showing he is entitled to mandamus relief, we conclude relator has not shown he is entitled to the relief he seeks. Accordingly, we deny relief. *See* TEX. R. APP. P. 52.8(a).

/Lana Myers//
LANA MYERS
JUSTICE

210385f.p05