

# NUMBERS 13-24-00300-CR, 13-24-00301-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE LUIS RIVERA CASTRO

---

## ON PETITION FOR WRIT OF MANDAMUS

---

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Silva
### Memorandum Opinion by Justice Benavides[1]

Relator Luis Rivera Castro has filed a pro se petition for writ of mandamus seeking to compel the judge of the trial court, the court reporter, and the district clerk "to supplement the missing portion of the appellate records." Relator requests mandamus relief regarding his convictions in trial court cause numbers A-99-0064-CR and A-99-0065-CR in the 36th District Court of Aransas County, Texas, and his request for relief is filed respectively in our appellate cause numbers 13-24-00300-CR and 13-24-00301-CR.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

This Court previously affirmed these convictions on direct appeal. *See Castro v. State*, Nos. 13-23-00218-CR & 13-23-00219-CR, 2023 WL 5624099, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 31, 2023, no pet.) (mem. op., not designated for publication). We address both original proceedings in this single memorandum opinion in the interests of judicial efficiency.

Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a). The main source of original jurisdiction for the courts of appeals is provided by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that an intermediate appellate court may issue writs of mandamus against specified judges in its district and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a), (b).

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d

2

207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). This burden includes providing a sufficient record to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d at 839; *see also* TEX. R. APP. P. 52.3(k)(1)(A) (delineating the required form and content for a petition in an original proceeding), R. 52.7(a) (providing that the relator "must file" a record including specific matters).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief in either cause number. Relator has not established that the judge of the trial court failed to perform a ministerial act or that relator lacks an adequate remedy at law. *See In re Meza*, 611 S.W.3d at 388; *In re Harris*, 491 S.W.3d at 334. Further, relator has not shown that mandamus relief against the district clerk and the court reporter is necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b); *In re Strickhausen*, 994 S.W.2d 936, 936 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (per curiam) ("We have no authority to issue a writ of mandamus to a court reporter or the district clerk unless they are interfering with our appellate jurisdiction."); *see also In re Parks*, No. 12-23-00242-CR, 2023 WL 8104876, at *1 (Tex. App.—Tyler

3

Nov. 21, 2023, orig. proceeding) (mem. op.) (per curiam) (not designated for publication) (collecting cases). Accordingly, we deny the petition for writ of mandamus in each cause number.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
6th day of June, 2024.