

# NUMBERS 13-24-00390-CR, 13-24-00391-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ISIAH T. MONTES

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Silva[1]**

Relator Isiah T. Montes filed a pro se petition for writ of mandamus including an emergency motion for stay in the above causes. Relator requests mandamus relief regarding the proceedings in trial court cause number 2024-DCR-00463 in the 138th District Court of Cameron County, Texas, and trial court cause number 23-CCR-03876 in the County Court at Law No. 5 of Cameron County, Texas, filed respectively in our

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

appellate cause numbers 13-24-00390-CR and 13-24-00391-CR. Relator contends that the judges, court-appointed attorneys, district attorney, director of the pre-trial release program, and court reporters are violating his constitutional rights. Relator seeks to continue the trial court proceedings, including the trial of one case which is set to commence on August 19, 2024. We address both original proceedings in this single memorandum opinion in the interests of judicial efficiency.

Article V, § 6 of the Texas Constitution delineates the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6(a). The main source of original jurisdiction for the courts of appeals is provided by § 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221; *In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that an intermediate appellate court may issue writs of mandamus against specified judges in its district and "all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a), (b).

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be

2

denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").[2] This burden includes providing a sufficient record to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d at 839; *see also* TEX. R. APP. P. 52.3(k)(1)(A) (delineating the required form and content for a petition in an original proceeding), R. 52.7(a) (providing that the relator "must file" a record including specific matters).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief in either cause number. Relator has not established that the judges of the trial courts failed to perform a ministerial act or that relator lacks an adequate remedy at law. *See In re Meza*, 611 S.W.3d at 388; *In re Harris*, 491 S.W.3d at 334. Further, relator has not shown that mandamus relief against the other individuals is necessary to

---

[2] Relator has filed a "Motion for the Court to By-Pass the Formality of the [Texas Rules of Appellate Procedure] for Mandamus and Accept the Petition as Filed." In this motion, relator asks this Court to "waive the formality of complete compliance with" the appellate rules because he is indigent, disabled, and this is a criminal case. He further requests that if the Court does not grant the stay, that we "appoint an attorney to redraft this Petition while staying all proceedings. In the interest of justice, and in our sole discretion, we grant this motion, in part, insofar as we have liberally construed the petition for writ of mandamus regarding its technical requirements. *See, e.g.*, TEX. R. APP. P. 2. We deny this motion, in part, as to the appointment of counsel and all other relief sought.

enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b); *see, e.g.*, *In re Strickhausen*, 994 S.W.2d 936, 936 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (per curiam) ("We have no authority to issue a writ of mandamus to a court reporter or the district clerk unless they are interfering with our appellate jurisdiction."); *see also In re Parks*, No. 12-23-00242-CR, 2023 WL 8104876, at *1 (Tex. App.—Tyler Nov. 21, 2023, orig. proceeding) (mem. op.) (per curiam) (not designated for publication) (collecting cases). Accordingly, we deny the petition for writ of mandamus and the emergency motion for stay in each cause number.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
6th day of August, 2024.

4