

NUMBER 13-16-00363-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE PATRICK S. GUILLORY

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Garza and Longoria
Memorandum Opinion Per Curiam[1]

Relator, Patrick S. Guillory, proceeding pro se, filed a petition for writ of mandamus in the above cause on July 11, 2016, seeking to obtain the clerk's record and reporter's record from his conviction for the purposes of preparing a post-conviction writ of habeas corpus. This Court affirmed appellant's conviction for theft, enhanced by two prior felony convictions to a second-degree felony. *Guillory v. State*, No. 13-14-00096-CR, 2015 WL 6593846, at *1 (Tex. App.—Corpus Christi Oct. 29, 2015, no pet.) (mem. op., not

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

1

designated for publication); *see* TEX. PENAL CODE ANN. § 31.03(a), (b), (e)(4)(D) (West, Westlaw through 2015 R.S.).

To be entitled to mandamus relief, the relator must show:  (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding).  If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied.  *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

A remedy at law, though it technically exists, "may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Greenwell v. Ct. of App. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 648–49 (Tex. Crim. App. 2005) (orig. proceeding).  The act sought to be compelled must be a ministerial act that does not involve a discretionary or judicial decision.  *State ex rel. Young*, 236 S.W.3d at 210.  The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought.  *In re State ex rel. Weeks*, 391 S.W.3d at 122.  A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (*i.e.*, from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Bowen v. Carnes*, 343 S.W.3d 805, 810 n.6 (Tex. Crim. App. 2011); *see In re State ex rel. Weeks*, 391 S.W.3d at 122.

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").  In addition to other requirements, relator must

include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

Although courts of appeals have jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction over matters related to final post-conviction felony proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (West, Westlaw through 2015 R.S.); *Padieu v. Ct. of App. of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding) ( "It is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction."); *Board of Pardons & Paroles ex rel. Keene v. Ct. of App. of Tx., Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) ("Article 11.07 provides the exclusive means to challenge a final felony conviction. Jurisdiction to grant post-conviction habeas corpus relief on a final felony conviction rests exclusively with [the Court of Criminal Appeals]."). The Court of Criminal Appeals' exclusive jurisdiction under article 11.07 does not necessarily, however, divest the courts of appeals of jurisdiction to decide the merits of a mandamus petition when the relator has no article 11.07 application pending. *See Padieu*, 392 S.W.3d at 117–18.

In this case, relator has not furnished this Court with a record or appendix in support of his petition for writ of mandamus, and accordingly, has not met his burden to

3

establish that the trial court has failed to act appropriately with regard to relator's request for the record. Further, an indigent defendant is not entitled either as a matter of equal protection or of due process to a free transcription of prior proceedings for use in pursuing post-conviction habeas corpus relief. *United States v. MacCollom*, 426 U.S. 317, 322–23 (1976); *Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.—Houston [1st Dist.] 1993, no pet.); *see also In re Jones*, No. 05-16-00001-CV, 2016 WL 279432, at *1 (Tex. App.—Dallas Jan. 22, 2016, orig. proceeding) (mem. op., not designated for publication).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Accordingly, relator's petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of July, 2016.

4