

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00288-CV
_____

IN RE FRANCISCO LLAMAS, RELATOR

Original Proceeding
Arising From Proceedings Before the 47th District Court
Potter County, Texas
Trial Court No. 66,587-A; Honorable Dan L. Schaap, Presiding

November 22, 2019

## MEMORANDM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Relator, Francisco Llamas, an inmate proceeding *pro se*, seeks a writ of mandamus to compel the Honorable Dan L. Schaap to rule on the merits of his *Motion for Free Copy of Court Reporter's Record* from his 2014 conviction for sexual assault of a child. Relator claims he needs a copy of the reporter's record to file a post-conviction writ of habeas corpus for an out-of-time appeal. For the reasons expressed herein, we conditionally grant mandamus relief.

**BACKGROUND**

Based on the recitations in Relator's petition, in 2014, pursuant to a plea of "not guilty," he was convicted by a jury of multiple counts of sexual assault of a child. Prior to the jury returning a verdict on punishment, he and the State entered into an agreement for a twenty-year sentence on each count, to be served concurrently. The trial court then sentenced him to twenty years confinement.

Relator maintains he is being illegally confined based on a "void finding in the judgment . . . ." He contends he was coerced by the trial court to change his plea from "not guilty" to "guilty." This, he argues, denied him the statutory right to pursue a direct appeal.

According to the documents included in Relator's appendix, on December 16, 2018, he filed his *Motion for Free Copy of Court Reporter's Record*. He cited two grounds for requesting a copy of the record. First, he alleged he was denied effective assistance of counsel during trial. Second, he claimed ineffective assistance of appellate counsel after he retained counsel to pursue an out-of-time appeal via a writ of habeas corpus which was never realized due to counsel's alleged procrastination.

In a letter dated January 3, 2019, the trial court notified Relator that under certain circumstances, a defendant may be entitled to a free record if he demonstrates a specific need for the record. The court concluded, however, that it "does not entertain or grant blanket requests for records in the absence of a showing of a particularized need for the records."

Relator filed a notice of appeal from the trial court's letter. This court determined the letter was not an appealable order and dismissed the purported appeal for want of jurisdiction. *See In re Llamas*, No. 07-19-00221-CR, 2019 Tex. App. LEXIS 6143, at *2 (Tex. App.—Amarillo July 17, 2019, orig. proceeding). Relator then proceeded to file the petition for writ of mandamus now pending before this court.

### MANDAMUS STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, the relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). To establish no adequate remedy by appeal, the relator must show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Furthermore, in order to establish a ministerial act, a relator must also show (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

**APPLICABLE LAW**

An indigent defendant is entitled to a free record for purposes of a direct appeal but not for purposes of a collateral attack such as a writ of habeas corpus. *In re Evans*, No. 07-18-00256-CV, 2018 Tex. App. LEXIS 5476, at *3 (Tex. App.—Amarillo July 18, 2018, orig. proceeding); *In re Sanders*, No. 07-14-00035-CV, 2014 Tex. App. LEXIS 2335, at *3 (Tex. App.—Amarillo Feb. 27, 2014, orig. proceeding). Generally, a defendant is not "entitled—either as a matter of equal protection, or of due process—to a free transcription of prior proceedings" to use in pursuing post-conviction relief. *See Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.—Houston [1st Dist.] 1993, no pet.). To obtain a free copy of a record, an inmate must show that the habeas corpus proceeding is not frivolous and he must show a particularized need for the record being sought. *Id.* at 784. A particularized need has been described as a violation of a right that allegedly occurred during trial. *Id.*

When a motion is properly pending before a trial court, the act of considering and ruling upon the motion is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). However, the trial court has a reasonable time within which to perform that ministerial duty. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. *Ex parte Barnes*, 65 S.W.3d 133, 134-35 (Tex. App.—Amarillo 2001, orig. proceeding). No bright line demarcates the boundaries of a reasonable time period. *Id.* at 135.

4

**ANALYSIS**

By his sole issue, Relator argues the trial court "prejudged evidence he has not seen" and abused its discretion in denying him the opportunity to be heard on his motion and obtain a ruling. Because we have found that the trial court's letter of January 3, 2019, was not an appealable order disposing of Relator's motion, we agree that he is entitled to a timely ruling on that motion.

While the trial court may have considered its letter as a ruling on Relator's motion for a free reporter's record, a close examination of the letter shows the trial court did not entertain the motion. Furthermore, the motion has been pending for more than ten months and the record reflects that the trial court has been aware of the motion for more than nine months. *See In re Smith*, No. 07-13-00345-CR, 2013 Tex. App. LEXIS 15159, at *4 (Tex. App.—Amarillo Dec. 17, 2013, orig. proceeding) (finding that a motion pending for eight months was an unreasonable delay). Relator has shown he has no adequate remedy at law and that the remedy he seeks is a ministerial act.

Accordingly, we direct the trial court to enter a formal order ruling on Relator's motion. This direction should not, however, be construed as directing the trial court how to rule on the motion. *In re Doster*, No. 07-18-00152-CV, 2018 Tex. App. LEXIS 4025, at *5 (Tex. App.—Amarillo June 5, 2018, orig. proceeding) (citing *In re Washington*, No. 09-07-00246-CV, 2007 Tex. App. LEXIS 6449, at *2 (Tex. App.—Beaumont Aug. 16, 2007, orig. proceeding)). Nor should it be construed as expressing any opinion on the merits of Relator's motion. That being said, we instruct the trial court to determine whether Relator has shown a particularized need for entitlement to a free reporter's record in its ruling.

**CONCLUSION**

Relator's *Petition for Writ of Mandamus* is conditionally granted.  We will direct the clerk of this court to issue writ only in the event the trial court fails to comply with this court's directive within thirty days of this opinion.


Per Curiam